ROHLING v. EICH.

(Supreme Court, Appellate Division, Second Department. December 21, 1897.)

NEGLIGENCE—OBSTRUCTING SIDEWALK WITH SNOW.
    Where the complaint in an action to recover damages for an injury, resulting from a fall upon a slippery sidewalk, bases defendant's liability upon the averment that he created the dangerous condition of the walk by sweeping and accumulating snow upon it, plaintiff must show, not only that defendant swept the snow there, but also that it was allowed to remain.

Appeal from trial term, Kings county.

Action by Paul J. Rohling against John Eich. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William F. Randel, for appellant.
Bernard J. Pink, for respondent.

WILLARD BARTLETT, J.    The plaintiff was injured by slipping and falling upon snow and ice which covered a portion of the sidewalk in front of the defendant's premises on Park avenue, in the city of Brooklyn.    He brought an action, in the first instance, against the city of Brooklyn, alleging that the city had negligently suffered the sidewalk to become dangerous by reason of the accumulation of ice and snow thereon.    In this suit he was apparently unsuccessful. In the present action he seeks to recover damages from the landowner whose lot abuts on the street at· the place of the accident, not on the ground of negligence, but upon the ground that he committed a wrong by sweeping the snow onto the sidewalk in front of his premises, and thereby created a dangerous obstruction in the street.    Actionable negligence, in favor of a party injured by falling on snow and ice upon a sidewalk, is not predicable of the failure of the adjacent landowner to remove the snow and ice from the sidewalk as required by a municipal ordinance.    Moore v. Gadsden, 93 N. Y. 12. The gravamen of the complaint in the case at bar, however, is the averment, in substance, that the dangerous condition of the street which caused the injury to the plaintiff was occasioned by the defendant's wrongful act in sweeping out snow from his own lot onto the sidewalk, where it accumulated, and formed an obstruction which imperiled the safety of persons lawfully using the street for purposes of public travel.    There is no doubt that an individual is liable for thus interfering with the safety of persons using the highway, if injury results to them from the condition thus created.    Shipley v. Fifty Associates, 101 Mass. 251.    But, to make out a case, the plaintiff must show, not only that the defendant swept out the snow or ·caused it to be swept out, but that it was allowed to remain upon the

sidewalk.   This burden the plaintiff has failed to sustain.    There is proof that two persons upon the defendant's premises had been seen before the accident to sweep snow off the stoop onto the sidewalk, but the evidence stops far short of showing that they allowed it to remain there.    There were but two witnesses who testified on this subject, and both admitted that they could not tell where the sweeping stopped. In other words, for all that they knew  the snow which they saw swept out may have been impelled entirely over the sidewalk, and into the roadway.   It is true that the plaintiff's son, who was one of these witnesses, asserted positively, upon his direct examination, that the snow and ice came from the stoop, and that he had seen the defendant's son sweeping the stoop, and leaving snow on the sidewalk, three or four days before the accident; but the effect of this testimony, to charge the defendant with liability, was practically destroyed by the subsequent statement of the witness, on cross-examination, that he did not stay until the defendant's son had done sweeping, and did not know what he did after the witness went by.    The proof that there was any considerable accumulation of ice or snow at the place of the accident was exceedingly meager.    The plaintiff did not notice any exceptional condition of the sidewalk before he fell; and, although he says that he found himself lying on a high lump of ice, one of his witnesses describes the thickness as being in some places an inch and a half or two inches, and in some places only half an inch.    Where a plaintiff's right to recover depends, as in this case, upon proof, not merely of an omission of duty, but of the commission of a wrong, his cause of action cannot be established by drawing such liberal inferences as would have been necessary to take this case to the jury.

I think the learned trial judge was right in dismissing the complaint. All concur.