for the business so and then and there carried on. "A man conduct-
ing an apparently prosperous and profitable business obtains credit
thereby, and his creditors have a right to suppose that his profits go
into his assets, for their protection in case of a pinch or an unfavor-
able turn in the business. To allow an undisclosed principal to ab-
sorb the profits, and, when the pinch comes, to escape responsibility
on the ground of orders to his agent not to buy upon credit, would
be a plain fraud upon the public." Mitchell, J., in Hubbard v. Ten
Brook, 124 Pa. 291, 296, 16 Atl. 817, 2 L. R. A. 823, 10 Am. St. Rep.
585. In that declaration "man" may be supplanted by "woman," in
deference to the present doctrine of the economics of women. The
judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(91 App. Div. 1.)

ROMAINE v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. January 29, 1904.)

1. NONSUIT—INSUFFICIENCY OF EVIDENCE.
     The direction of a verdict of "no cause of action" at the close of plain-
     tiff's proof, on motion for nonsuit on the ground of failure to prove ab-
     sence of contributory negligence, is equivalent to a nonsuit because of in-
     sufficiency of the evidence, and not because of insufficiency of the com-
     plaint.

On rehearing. Reaffirmed.

For former report, see 84 N. Y. Supp. 491.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Robert H. Barnett, for appellant.
Walter C. Anthony, for respondent.

WILLARD BARTLETT, J. In reference to the point made upon
the original argument of this case that the complaint in the Dutchess
county action was radically defective and demurrable because of the
omission to set up therein the giving of the statutory notice required
by the laws of Connecticut, we expressed the opinion that the validity
of the defense based on the pendency of the Dutchess county action
was not affected by that fact, inasmuch as the defendant in that suit
did not interpose any objection that the statutory notice was wanting.
We added, "If the complaint was demurrable, the right to demur
had been waived." The expression quoted was probably incorrect,
inasmuch as the defendant had the right to object to the sufficiency of
the complaint upon the trial, notwithstanding his omission to demur
on that ground; but I do not think that this error affects the validity
of our conclusion. While the proof as to what occurred in the
Dutchess county suit is somewhat meager, it affords no indication
whatever that the defendant prevailed therein, or sought to prevail,
on the ground that the complaint did not state a cause of action. The
motion was for a nonsuit on the ground that there was no evidence of
lack of contributory negligence. The court thereupon directed a ver-

dict for defendant of "no cause of action." I do not understand this to mean that the court dismissed the complaint because of any defect therein. As I have already intimated, there is no suggestion that it was attacked on that ground. The direction of a verdict of "no cause of action" at the close of the plaintiff's proof, without any evidence having been offered in behalf of the defendant, and upon the defendant's motion for a nonsuit on the ground of a failure to prove an absence of contributory negligence, must be deemed, I think, equivalent to a nonsuit because of the insufficiency of the evidence, and not because of the insufficiency of the complaint. The case would be quite different if the objection had been taken in the first action that the complaint was fatally defective on account of the omission to plead the statutory notice, and the defendant had prevailed upon that objection. As the proof stands, it seems to me that such objection was in fact waived in the Dutchess county suit, and, if this view is right, I think the conclusion reached on the original argument of the present case was correct.

Judgment reaffirmed after reargument, but without further costs. All concur.

---

### NEW YORK METAL CEILING CO. v. RAUB et al.

(Supreme Court, Appellate Term.   January 25, 1904.)

1. CORPORATIONS—CONTRACTS—MODIFICATION—AUTHORITY OF AGENT.

  Where, in an action on a contract with a corporation, defendant contended that the original agreement had been modified by a new agreement signed by the corporation's salesman, but defendant failed to prove that the salesman had authority to modify the contract, such modification could not be considered.

2. CONTRACT—DELAY OF PERFORMANCE.

  Where, in an action on a contract for work and labor, defendant failed to disprove plaintiff's contention that performance within the time required was prevented by other work carried on by other workmen for defendants, plaintiff was excused from performing within the time

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by New York Metal Ceiling Company against Herman Raub and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Arthur C. Westermayer, for appellants.
Cromwell G. Macy, for respondent.

MacLEAN, J. The plaintiff alleged and proved to the satisfaction of the learned justice an agreement in writing by the plaintiff to do certain constructive and decorative work, and its performance for the defendants, for the sum of $600, of which $300 were received, and so recovered judgment for the balance of $300 with costs, against the

¶ 2. See Contracts, vol. 11, Cent. Dig. § 1374.