WEINBERG ET AL., PARTNERS, D. B. A. L. WEINBERG BAKING CO., ET AL. v. SCHALLER.

(Decided July 11, 1929.)

*Mr. Julius R. Samuels,* for plaintiffs in error.
*Mr. Harry H. Shafer,* for defendant in error.

CUSHING, P. J. This case comes into this court on a petition in error to the court of common pleas of Hamilton county, Ohio, wherein a judgment was rendered in favor of the plaintiff below, Charles Schaller, the defendant in error in this court.

The suit was filed by Schaller against Joseph W. Weinberg, Israel Weinberg, Morris Weinberg, and David Friedman, individually, and as partners doing business as the L. Weinberg Baking Company, and Michael Menrath.

The petition alleged that Menrath sold Schaller a Ford truck and a bakery route, which covered certain sections of the city of Cincinnati, for a price of $725; that Menrath agreed not to operate over said route; that Menrath later, with intent to injure the business of Schaller, and contrary to the contract, operated over said route, solicited and sold customers previously owned by Menrath and transferred to Schaller; that Menrath told the partners of the baking company, individually and as partners, the names and addresses of his former customers, and that the partners, as the baking company, and Menrath were at the time of the filing of the petition operating said route, and had been operating it for some time, with intent to injure the business of Schaller; that the partners individually and as partners had knowledge of the sale and contract between Menrath and Schaller, involving the transfer of the route, and were fully aware of all the conditions and terms of the agreement; that the operation of said route constituted a continuing injury and interference with Schaller's business, and will result in irreparable damage to Schaller; that he has no adequate remedy at law; and that he has been damaged in the sum of $2,500.

A temporary restraining order was prayed for, an accounting was asked, and damages were sought in the sum of $2,500.

Menrath answered, admitting the contract and the agreement not to operate; denied that he was then or had been operating the route in company with the partners of the baking company; and alleged further that Schaller had abandoned the bakery route, and had discontinued buying bakery goods from the baking company, that he neglected and carelessly managed the operation of the route, so that the customers refused to buy the goods of the baking company, and that the operation of such route had become unprofitable.

The partners of the baking company, individually and as partners, answered, denying any knowledge or information as to the contract between Menrath and Schaller, or that they were operating with Menrath a route formerly owned by him; alleged that they had sold bakery goods to Menrath, that he had introduced Schaller to the baking company officials, and since said introduction they had sold bakery goods to Schaller on his own account, and that, if Menrath had sold a route to Schaller, and if Schaller had operated the same, he had abandoned said route and failed and refused to deliver any of the products of the baking company to his customers, and that he neglected and carelessly operated said route, with the result that the good will of the baking company's products was greatly damaged with the trade to which Schaller had been selling the baking company's goods.

A motion for a temporary restraining order was denied.

There was a sharp conflict of evidence in the case on several points.

There was evidence to indicate that Menrath for some time had been driving his own truck, buying bakery goods from the baking company and selling the same to customers in certain districts of the city of Cincinnati; that he had sold by bill of sale his truck to Schaller, and, in the bill of sale, sold also the good will of the route and rights to sell as held by him.

The evidence further showed that there was a supplementary agreement entered into between Menrath and Schaller by which it was provided that Menrath should not operate said route. No consideration for such agreement was proved.

The evidence shows that Schaller operated the route for some time; that then, frequent complaints were made by the customers on said route to the baking company that Schaller was negligent and failed to deliver goods for several days at a time; and there is evidence that the former customers began to deal elsewhere. There is also evidence that the baking company called Schaller to account; that he thereupon stated he was through with the route, and did not intend to sell the goods of the baking company in the future; that thereupon the baking company requested Menrath to resume the route, which he did, using a truck of the baking company, and being guaranteed by the company a certain amount for his services; that thereafter Menrath endeavored to break in a man by the name of Miller, who attempted to operate the route for a few days, but found it unprofitable by reason of the permanent disaffection of the customers of Menrath and the baking company.

The case was tried to the court and jury.

At the close of the evidence, counsel for Schaller stated to the court that at that time, the plaintiff, Schaller, waived his claim for an injunction and accounting.

Motions were made by the defendants, partners in the baking company, and by Menrath, to dismiss the baking company and the partners, and for an instructed verdict in favor of all the defendants, which were overruled.

The court at that time stated that he considered the case still an equitable case, and that he would instruct the jury to that effect, which he did.

After the general charge, a number of blank special verdicts were submitted to the jury, and the four submitted by the plaintiff were signed by the jury.

The first of these special verdicts finds that Schaller did not abandon the bakery route.

The second found that there was a breach of contract, but does not state by whom the contract was breached.

The third found that the L. Weinberg Baking Company induced, persuaded, and combined *with Menrath* in the breach, *or* participated in the breach of contract by the defendant, *Michael Menrath;* and the fourth found the issues in favor of the plaintiff, and assessed the amount of damages sustained by the plaintiff by reason of the breach of contract in the sum of $1,500.

Motions were filed by the defendants below to set aside the verdicts, and for a new trial, for judgment notwithstanding the verdicts, and for judgment on

the pleadings, all of which were overruled, and the court entered judgment as follows:

"This cause coming on to be heard on the motion to set aside the special verdicts and for a new trial, and on the motion for judgment notwithstanding the special verdicts and on the motion for judgment on the pleadings, and upon the arguments of counsel for plaintiff and defendants:

"And the Court upon consideration thereof does hereby overrule said motions.

"It is therefore considered by the Court that the said Charles Schaller recover from the said defendants, Joseph W. Weinberg, Israel Weinberg, Morris Weinberg, David Friedman, individually and as partners doing business as the L. Weinberg Baking Company, and Michael Menrath, jointly and severally, the sum of Four Hundred and Seventy Five ($475.00) Dollars, with interest at the rate of six (6%) per cent. per annum from the 2nd day of December, 1926, to the 2nd day of April, 1928 (being the first day of the term) together with his costs herein expended, taxed at $. . . . . . .

"To all of which defendants except."

It is claimed by the plaintiffs in error, first, that the petition does not state a cause of action and that the motion for an instructed verdict and judgment on the pleadings should have been granted; second, that the action was an action in equity, and should not have been submitted to the jury; and, third, that the judgment was contrary to law.

■ The petition is subject to several constructions. It contains a claim for a breach of contract on the part of Menrath, and is an action in damages as far as he is concerned. It also attempts to charge

unlawful interference by the partners in the baking company with the contract between Menrath and Schaller. If it be considered as such, it states two causes of action — one in contract, between Menrath and Schaller; and the other in tort, between Schaller and the partners of the baking company.

The partners in the baking company were in no way necessary parties to the action between Schaller and Menrath for a breach of contract; in fact, they are improper parties, and there is therefore a misjoinder of parties defendant in this view of the case.

While an action for tort and an action for contract may be joined where the subject-matter arises out of the same transaction, an action in contract against one defendant cannot be joined with an action for tort against other defendants, not necessary parties to the primary action, and, in such view of the case, there was a misjoinder of causes of action.

If the petition be construed simply as charging a combination or conspiracy between Menrath and the partners of the baking company to injure the business of Schaller, by producing a breach of the contract which Schaller had with Menrath, it wholly fails to state a cause of action within the law applicable to such class of cases, and, while the authorities are in some conflict as to how far courts will go in restraining parties outside a contract from interfering with the performance of a contract, it seems to be generally held by the better authority that malice is a necessary element, and that it must be alleged and proved that there was an intentional doing of a wrongful act without legal justification or excuse. Some authorities, however, hold that to break a contract is wrongful, and, when a third

person, with knowledge of the contract, and without legal excuse therefor, *induces* the parties thereto to breach the same, his act is said to be malicious, and that it is immaterial whether the wrongdoer's motive in interfering is to benefit himself or to gratify his spite by working mischief to another; malice in a sense of ill will or spite not being essential. 15 Ruling Case Law, pages 54, 55, and 56. If it is sought to sustain the judgment under the rules stated, which seem to be the better rules, there is neither the necessary allegation nor the requisite proof. It must be borne in mind that the baking company had the right to sell its goods to whom it wished and through whom it chose. There was no privity of contract between the baking company and Schaller or Menrath. There is no allegation in the petition that the partners in the baking company maliciously or otherwise induced Menrath to breach his contract with Schaller. See 13 Corpus Juris, page 713.

Viewing the petition from either angle, as stating two causes of action against two sets of defendants, or as wholly failing to state a cause of action of malicious interference with the contract of another, it was demurrable, and, while no demurrer was filed, the motion for dismissal of the defendants and for judgment on the pleadings and for instructed verdicts tested the petition, and should have been sustained in favor of the defendants below.

It is probably unnecessary to say more, but, even if the petition was not fatally defective by reason of misjoinder and insufficiency, the further proceedings in the case would require a reversal.

Any cause or causes of action which the petition

contained were primarily actions at law. The presence of prayers for accounting and injunction, coupled with allegations of facts tending to show a basis for same, warranted the court, the petition not having been attacked by demurrer, in entertaining equitable jurisdiction up to the time that the claims for injunction and accounting were abandoned by the plaintiff below at the close of the evidence. When this occurred, the action from this point on was completely stripped of every equitable feature, and became simply and purely an action at law, which would have required the court to submit the case to a jury, if the petition had not been defective, as hereinbefore pointed out. But the special verdicts are defective even under the theory upon which the case was presented to the jury. The jury did not find in these verdicts that *Menrath had breached his contract with Schaller.* They found in the second verdict that there was *a* breach of contract, but did not state who had breached the contract. The third verdict is wholly unintelligible, in that it finds that the Weinberg Baking Company and Menrath induced, persuaded, combined with Menrath, *or in the alternative* participated in the breach of the contract by the defendant Menrath. A mere participation was not enough.

The fourth verdict merely assessed damages suffered by the plaintiff in the sum of $1,500, and mentions no defendant responsible for the damages. There is no evidence sustaining the amount of this verdict, as is evidenced by the amount of the judgment rendered by the court.

The judgment of the court is completely out of tune with and unsupported by any of these special

verdicts, in that judgment is rendered against the individual partners of the baking company and Menrath, and the amount of that judgment is $475; no *remittitur* having been suggested or agreed to.

In view of the prejudicial error intervening, heretofore noted, the action against the defendants Joseph W. Weinberg, Israel Weinberg, Morris Weinberg, and David Friedman, is dismissed, and the cause is remanded to the court of common pleas for such proceedings as are according to law.

*Judgment reversed and cause remanded.*

Ross and Hamilton, JJ., concur.