MARIE THERRIEN *vs.* FIRST NATIONAL STORES, INC.
HECTOR W. THERRIEN *vs.* SAME.

JUNE 20, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These are actions of trespass on the case for negligence which were tried together in the superior court and resulted in a directed verdict for the defendant in each case. The plaintiffs are here on their exceptions to the granting of defendant's motions for such verdicts and on certain other exceptions to rulings of the trial justice admitting or excluding evidence at the trial.

The plaintiffs are husband and wife. The wife, Marie E. Therrien, brought suit for personal injuries sustained by her as a result of slipping on some ice or snow on the sidewalk in front of the defendant's store on Washington street in Arctic, Rhode Island, on December 31, 1935. The plaintiff, Hector W. Therrien, is suing for the loss of his wife's services and for the expenses which he incurred as a result of her injuries. For convenience, we shall hereinafter discuss the questions raised as though only the wife's case was before us.

We shall consider first the plaintiff's exception to the decision granting defendant's motion for a directed verdict. The plaintiff contends that this decision is erroneous, on the ground that the trial justice misconceived the law upon which the plaintiff based her cause of action and misunderstood the evidence tending to prove it. She further contends

that the trial justice erred in granting defendant's motion on the ground of lack of proximate cause, because that issue could have been, and should have been, raised by the defendant by demurrer to the plaintiff's declaration. No objection of that nature having been made to the declaration before the close of the pleadings, she argues that it is too late to make it at the trial by a motion for a directed verdict.

This latter argument, if sound, would leave the defendant without any right to have this court pass upon its contention, which was made in support of its motion for a directed verdict below, that the evidence disclosed no cause of action in the plaintiff. The plaintiff's argument is not sound. The case cited by her does not support her contention. *Huebel* v. *Baldwin*, 45 R. I. 40. And the citation from 64 C. J. 426, § 423, shows authority against her contention as well as for it.

The plaintiff quotes in her brief the following sentence from the opinion in the *Huebel* case as laying down the rule for which she contends: "The single question is, is there sufficient legal evidence to require submission of the case to the jury?" To cull one sentence from an opinion in this way in total disregard of its context is seldom, if ever, helpful. A careful reading of the point which the court was discussing in the cited case discloses at once that it is not an authority for the proposition advanced by the plaintiff.

We can agree with the quotation from 64 C. J. 426 that: "A motion to direct is not designed to fulfill the function of a demurrer to the pleadings . . . ." At least we can agree that such a motion can not be used to assail formal defects in the declaration which, if they had been attacked by demurrer, might have been corrected by amendment. But, in the instant case, both the declaration and the evidence fail to show that the plaintiff has a good cause of action. In such circumstances a motion to direct is proper. See *Laughlin* v. *North America Benefit Corp.*, 244 Ill. App. 391; *Federal Automobile Ins. Ass'n.* v. *Meyers*, 218 Ala. 520; *Austin Co.* v.

*Township of Weaver,* 136 Ia. 709; *Bozzelli* v. *Industrial Comm.,* 122 Ohio St. 201; *Weinberg* v. *Schaller,* 34 Ohio App. 464. And there is authority for the view that a direction on the ground of no cause of action involves insufficiency of the evidence and not insufficiency of the complaint or declaration. *Romaine* v. *N. Y., N. H. & H. R. Co.,* 86 N. Y. Supp. 248, 91 App. Div. 1, Affirmed, 181 N. Y. 523, 73 N. E. 1131.

The evidence tended to show that on the morning of December 31, 1935 defendant's servant cleared the sidewalk in front of defendant's store of snow which had fallen the night before. It appeared that he first shoveled it off and then swept off what remained with a broom, except that after he had finished his work there remained a few patches here and there. The day was chilly and the snow was thawing and freezing, thus making places on the sidewalk where patches of snow still remained icy and slippery.

The plaintiff came to Arctic in the morning and went to see a motion picture at the Palace Theatre, which was situated on the same side of Washington street as the defendant's store and about four doors away. After being in the theatre about two hours she came out and went immediately to the defendant's store to make a purchase. As she walked along the sidewalk she did not notice its condition. After making her purchase, she left the store and reached the sidewalk and was about to walk across it when she saw another woman approaching. In order to avoid colliding with this woman, the plaintiff, as she testified, stepped around her and as she did so she slipped and fell on the sidewalk. At that moment she did not know what caused her to slip and fall but after she was assisted to her feet she looked down at the sidewalk and saw there for the first time a patch of ice and snow.

Viewing all of the evidence most favorably to the plaintiff, as we must on defendant's motion, it is fair to say that there was evidence from which the jury could reasonably

find that the defendant was negligent in cleaning the sidewalk in the manner it did, and that the plaintiff was in the exercise of due care. However, the question is whether the defendant was guilty of *actionable* negligence toward the plaintiff. The plaintiff argues that it was, and she relies upon the doctrine stated in 45 C. J. 646 as follows: "So also, one who undertakes to do an act or perform a service for another is bound to use reasonable care and skill in the performance thereof and is liable for his failure in this respect, although his undertaking was purely voluntary, and he was not under any obligation to do such act or perform such service." She cites also *Gill* v. *Middleton,* 105 Mass. 477 and *McLeod* v. *Rawson,* 215 Mass. 257, 102 N. E. 429, in support of her position. Her argument is plausible but not convincing. It is clear from the evidence that the plaintiff has not brought her case within the above-quoted principle since she does not show that the defendant undertook to perform the service of cleaning the sidewalk for her personally.

In the *Gill* case the duty of the defendant arose out of a voluntary undertaking on the part of a landlord to make repairs to the premises occupied by the plaintiff tenant and his assurance to the plaintiff after the repairs had been made that it was safe for her to use said premises. Here the duty voluntarily assumed by the landlord was due to the tenant only, and not to the public generally who might come upon the premises.

In the *McLeod* case, the duty of the defendant landlord grew out of a promise which he had made "to leave a light burning." Here again the duty was a private one and not one owed to the public.

But in the instant case the defendant owes no duty to the public as individuals to keep the sidewalk clear of ice and snow. *Heeney* v. *Sprague,* 11 R. I. 456. Nor does it owe such a duty to its customers. *McGrath* v. *Misch,* 29 R. I. 49. The plaintiff admits that such is the law in this state, but

she contends that these cases do not control the instant case, because she is not claiming that the defendant owed a duty to her to clear the sidewalk, but that, having volunteered to perform that service, it then became and was defendant's duty to clear the sidewalk in a careful manner so that any one thereafter lawfully using the sidewalk would not be injured.

We have found no authority for such a broad doctrine of actionable negligence. In cases such as the instant case, where it is sought to hold liable the owner or occupier of abutting premises for injuries suffered by a traveler on the sidewalk due to the natural accumulation of ice and snow thereon, the courts have uniformly rejected such doctrine. "In the absence of any legislative enactment on the subject, an abutting land-owner is not liable to travellers for injuries received by them because of a defect in the street in front of his premises, unless such defect is caused by his own act or fault." *Sneeson* v. *Kupfer,* 21 R. I. 560. This case, although not a case of snow and ice on a sidewalk, was cited in *Mc-Grath* v. *Misch, supra,* and states well the underlying principle involved in such cases. See also *Taggart* v. *Bouldin,* 111 N. J. L. 464, 168 A. 570, which was a case where the defendant had caused his sidewalk to be shoveled in such a manner that the sidewalk became icy and the plaintiff was injured, but the defendant was not held liable.

In New York it has been held that no liability arises where the owner or occupier of the abutting premises sweeps newly-fallen snow off the sidewalk and leaves an icy surface without covering it with sand or other abrasive material. *Connolly* v. *Bursch,* 149 App. Div. 772, 134 N. Y. Supp. 141. And the court quite properly distinguished that case from *Rohling* v. *Eich,* 23 App. Div. 179, 48 N. Y. Supp. 892, where an abutting owner was held liable for sweeping snow from his lot onto the sidewalk, where he permitted it to remain and form an obstruction which imperiled the safety of persons lawfully using the sidewalk.

In *Hecht Co.* v. *Hohensee*, 65 App. D. C. 328, 83 F. (2d) 585, the defendant had removed snow from a part of the sidewalk and the plaintiff had fallen on some snow which was very rough and had become icy because of thawing and freezing weather. The court, holding the defendant free from liability, said: "Defendant was not bound to remove the snow, and, had it not done so, the thawing and freezing weather and the use of the walk by the public would likewise have made the walk 'icy and very rough'. In other words, whether the snow was removed or not, the walk would have been 'icy and very rough', and, since the defendant would not have been liable had it permitted the snow to remain, it is no more liable under the circumstances of this case by undertaking to clear a portion of the walk." See also to the same effect, in a somewhat similar case, *Mahoney* v. *Perreault*, 275 Mass. 251.

In *Smith* v. *Tripp*, 13 R. I. 152, the court said: "In an action for neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed; but he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his security from the injury." In *Tower* v. *Providence & Worcester R. Co.*, 2 R. I. 404 at 409, the court said: "Legally speaking, negligence is the want of that care which the law requires us to exercise, which it exacts as a duty. This care may be due to one individual, and not to another, and therefore negligence in fact is not always negligence in law, for unless a party can show that some duty to him is violated, he shows no legal negligence."

This court has also said that, in order for the plaintiff to recover, "it is not sufficient that some duty or obligation should have been neglected by the defendants, but it must have been a neglect of some duty or obligation to him who

claims damages for the neglect." *O'Donnell* v. *Providence & Worcester R. Co.*, 6 R. I. 211.

Perhaps the best statement of the doctrine under which the plaintiff seeks to bring her case is that given by *Cardozo, C. J.* in a case where the plaintiff was arguing for the application to his claim of the principle that one who assumes to act, even though gratuitously, may become subject to the duty of acting carefully if he acts at all. "The hand once set to a task may not always be withdrawn with impunity though liability would fail if it had never been applied at all. . . . If conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, there exists a relation out of which arises a duty to go forward. . . . The query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good." *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160, 167.

If we apply this query to the facts of the instant case it is obvious that the defendant here, in performing the service of cleaning the sidewalk and leaving some spots or patches of snow thereon, was guilty of nothing more than such inaction as amounted to "a refusal to become an instrument for good" by cleaning the sidewalk so that no patches of snow would remain there and turn to ice under the influence of the freezing and thawing weather. Thus tested, the plaintiff's contention that the defendant is liable is shown to be without any foundation.

The evidence viewed in its most favorable light to the plaintiff shows no cause of action against the defendant, because it does not show that the defendant negligently made the sidewalk more dangerous than it would have been, if the defendant had done nothing at all. Hence, its motion for a directed verdict was properly granted. Plaintiff's excep-

tion to the ruling of the trial justice on the motion is therefore overruled. Her other exceptions would not in any event alter the decision in this case; therefore they need not be considered.

Plaintiff Hector W. Therrien's exception to the granting of the defendant's motion for a directed verdict in his case is also overruled, and each case is remitted to the superior court for the entry of judgment on the verdict as directed.

*Ralph L. Briggs,* for plaintiffs.

*Henshaw, Lindemuth & Siegl, Benjamin F. Lindemuth, Daniel S. T. Hinman,* for defendant.