Theresa M. GILLIKIN

v.

METRO PROPERTIES, INC., et al.

No. 94–218–A.

Supreme Court of Rhode Island.

May 5, 1995.

Merrill J. Friedemann, Annette Elseth, Paul Gallogly, Lovett, Schefrin, Gallogly & Harnett, Providence, for plaintiff.

Moira E. Reynolds, Morrison, Mahoney & Miller, Stephen Izzi, Offices of Gerard Lobosco, David E. Maglio, III, Morrison, Mahoney & Miller, Providence, Jeffrey Richardson, East Greenwich, for defendant.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on April 7, 1995, pursuant to an order that directed the plaintiff, Theresa M. Gillikin, to appear and show cause why the issues raised in her appeal should not be summarily decided. The plaintiff has appealed from orders of the Superior Court that granted motions for summary judgment filed by defendants Metro Properties, Inc. (Metro) and by Hung Cheng and Jill Cheng (Chengs), and that denied two motions to vacate the judgment in favor of the Chengs, filed by the plaintiff.

After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

The issue before us is whether the trial justice erred as a matter of law in denying plaintiff's motions to vacate and in granting defendants' motions for summary judgment. *Brown v. Amaral*, 460 A.2d 7, 11 (R.I.1983); *Steinberg v. State*, 427 A.2d 338, 340 (R.I. 1981).

On November 8, 1991, plaintiff filed a complaint against the Chengs who owned property abutting the sidewalk at 150 Washington

Street, against Metro who managed the premises, and against Steven Napolitano, in his capacity as treasurer for the city of Providence.[1] The plaintiff alleged that defendants were negligent in failing to remove ice and snow from the property, thereby causing her to fall and sustain severe personal injury.

On appeal, plaintiff contended that the trial justice erred in granting defendants' motion for summary judgment. In *Martin v. Altman*, 568 A.2d 1031, 1031 (R.I.1990) (per curiam), this court reaffirmed the rule that an abutting owner of real estate has no duty to pedestrians to remove ice and snow or otherwise keep the abutting sidewalk in good condition and held that the city ordinance requiring an abutting owner to clear the adjacent sidewalk of snow and ice creates a duty only to the municipality at large and not to individual passersby.

■ At the hearing on the motion, plaintiff argued that defendants' duty arose as a result of their negligent attempt to clear the sidewalk. A similar argument was advanced and rejected in *Therrien v. First National Stores, Inc.*, 63 R.I. 44, 51, 6 A.2d 731, 734 (1939). In that case, the court found that a duty voluntarily assumed by the defendant did not give rise to a duty to the plaintiff, unless the plaintiff could show that the duty was imposed for his benefit. *Id.* at 50–51, 6 A.2d at 734. Thus, in accordance with *Martin* and *Therrien*, the trial justices properly found that defendants owed no duty to plaintiff to clear ice and snow from the public sidewalk abutting their property.

■ The plaintiff next contended that the trial justice erred in denying her motions to vacate summary judgment. She argued that *Martin* does not apply because the Chengs and Metro affirmatively assumed a contractual duty to clear the sidewalk abutting their property. In support of her position, plaintiff relied on language in lease agreements between lessees at 150 Washington Street and the Chengs and asserted that because she is employed by Blue Cross/Blue Shield, she is an intended beneficiary of the lease between her employer and the Chengs. We

disagree with plaintiff for a number of reasons.

First, plaintiff's argument fails to recognize this court's holding in *Martin*, that an abutting owner's responsibility as imposed by ordinance, creates a duty only to the municipality at large and not to individual passersby. *Martin*, 568 A.2d at 1031. The fact that lessors in this case may have contracted with their lessees to fulfill this municipal responsibility does not render them liable to any specific group of individuals. Second, in *Saunders v. Howard Realty Co.*, 118 R.I. 31, 32, 371 A.2d 274, 274 (1977), this court rejected the "plaintiff's novel contention" that a business invitee is a beneficiary of an agreement between defendants and their tenants to repair the sidewalk. Third, in plaintiff's second motion to vacate, she relied on a property management agreement that was never signed by the Chengs. Such a document clearly provided no basis for imposing contractual obligations on defendants. Thus, the trial justice did not err in denying plaintiff's motions to vacate.

■ The plaintiff lastly contended that the trial justice erred in granting the Chengs' motion for sanctions against plaintiff's attorneys for repeatedly attempting to vacate the summary judgment without a basis in fact or law. We are of the opinion that plaintiff's return to Superior Court twice, in an effort to vacate the summary judgment, rather than pursue her remedy on appeal, justifies the imposition of sanctions in this case.

Consequently, we conclude that the trial justices did not err in granting the motions for summary judgment and in denying the motions to vacate, nor was there an abuse of discretion in granting the motion for sanctions.

The plaintiff's appeal is therefore denied and dismissed, and the judgments appealed from are affirmed. The papers in the case may be returned to the Superior Court.

1. In her complaint, plaintiff locates the property at 158 Washington Street, but the property in question is actually located at 150 Washington Street.