Constance MEDEIROS

v.

Albert CATALDI et al.

No. 95–110–A.

Supreme Court of Rhode Island.

Jan. 19, 1996.

Stephen Linder, Providence.

Patricia Buckley, C. Russell Bengtson, Providence.

**ORDER**

This case came before a panel of the Supreme Court for oral argument on January 16, 1996, pursuant to an order that directed the plaintiff Constance Medeiros to show cause why her appeal should not be summarily decided. After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

In this slip and fall case, plaintiff had delivered a newspaper to the defendants' home when she slipped and fell on sand that had been apparently swept together in the driveway of the house. The plaintiff alleged that defendants negligently maintained their property, resulting in plaintiff's fall and injury.

There was no allegation that defendants had collected the sand into piles nor was there evidence that defendants had placed the sand in the driveway. Although the transcript of the hearing on defendants' motion for summary judgment was not provided to this court, we are of the opinion that the trial justice correctly decided the case on the basis of well-settled law in Rhode Island.

Although plaintiff asserted that defendants had placed sand in their driveway and defendants denied the allegation, a litigant opposing a motion for summary judgment may not rest on mere allegations or denials in the pleadings. Hence, plaintiff has not met her burden. *See Manning Auto Parts v. Souza,* 591 A.2d 34, 35 (R.I.1991).

Furthermore, this court has held in related cases that owners of abutting real estate have no duty to remove ice and snow or "otherwise keep the abutting sidewalk in good condition," and that even if such removal were negligently performed, such action would not give rise to a duty to a plaintiff unless that plaintiff were able to show that the duty was imposed for the plaintiff's benefit. *Martin v. Altman,* 568 A.2d 1031 (R.I. 1990), *Gillikin v. Metro Properties, Inc.,* 657 A.2d 1060 (R.I.1995).

Therefore, we deny and dismiss the appeal, and return the papers of the case to the Superior Court.

WEISBERGER, C.J., did not participate.