**Lucy Ann ARENAS**

v.

**RIVEREDGE VILLAGE ASSOCIATES, et al.**

No. 95–616–Appeal.

Supreme Court of Rhode Island.

Jan. 31, 1997.

Robert J. Cosentino, Providence.

Joel K. Gerstenblatt, Providence.

### ORDER

This matter came before a panel of the Supreme Court for oral argument on January 14, 1997, pursuant to an order directing the plaintiff, Lucy Ann Arenas, to show cause why the issues raised in her appeal should not be summarily denied and dismissed. The plaintiff has appealed from a Superior Court order that granted the motion for summary judgment of the defendant, Riveredge Village Associates.

Because the parties, in their memoranda and oral arguments, have not shown cause, we deny and dismiss the appeal.

The plaintiff slipped and fell on the sidewalk adjacent to the property owned by defendant at 993 Manton Avenue in Providence, Rhode Island. The plaintiff brought suit against defendant and others, alleging that defendant's negligent failure to keep the sidewalk clear of snow and ice caused her fall and injuries. The defendant's motion for summary judgment was granted, and plaintiff appealed.

The plaintiff argued that the ordinances of the City of Providence, Code §§ 23–13 and 23–16, impose a duty on landowners to keep sidewalks abutting their properties clear of ice and snow and that defendant was negligent in failing to do so. The plaintiff further argued that as a result of this negligence and breach of duty, she slipped and fell on the ice and suffered injuries.

It is well settled that an owner of real estate owes no duty to pedestrians to remove snow or ice from the sidewalk abutting his or her property or to otherwise maintain the sidewalk in good condition. *Gillikin v. Metro Properties, Inc.*, 657 A.2d 1060 (R.I.1995); *Martin v. Altman*, 568 A.2d 1031 (R.I.1990). In ruling on a motion for summary judgment, the only question before a trial justice is whether there exists a genuine issue of any material fact that must be resolved. *Golderese v. Suburban Land Co.*, 590 A.2d 395, 396 (R.I.1991). In reviewing the grant of a motion for summary judgment, this Court applies the same analysis as that applied by the trial justice. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987).

In applying the holdings of *Martin* and *Gillikin* to the facts in this case, the trial justice properly found that defendant owed no duty to plaintiff to clear the ice and snow from the sidewalk abutting the property. Accordingly, defendant was entitled to judgment as a matter of law.

Consequently, the appeal is denied and dismissed, and the order appealed from is affirmed. The papers of the case may be remanded to the Superior Court.

WEISBERGER, C.J., did not participate.