June 3, 2021

**Supreme Court**

No. 2019-403-Appeal.
(PC 17-6204)

Mary Lowney                    :

v.                    :

Canteen Realty, LLC, et al.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Mary Lowney        :

v.        :

Canteen Realty, LLC, et al.        :

Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

# O P I N I O N

**Justice Goldberg, for the Court.**  This appeal came before the Supreme Court on May 5, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this negligence action arising from a slip and fall on an icy sidewalk, the plaintiff, Mary Lowney, appeals from a Superior Court final judgment and order granting summary judgment in favor of the defendants, The Old Canteen, Inc. and Canteen Realty, LLC (defendants), finding that the defendants owed no duty to the plaintiff to maintain the sidewalk.  After hearing the arguments of counsel and having reviewed the memoranda filed by the parties, we are satisfied that cause has not been shown, and we proceed to decide this appeal at this time.  For the reasons set forth below, we affirm the judgment of the Superior Court.

**Facts and Travel**

On March 2, 2015, plaintiff had a reservation at The Old Canteen restaurant located at 120 Atwells Avenue in Providence, Rhode Island. She approached the restaurant, walking on the public sidewalk immediately adjacent to the Old Canteen.[1] Due to the icy condition of the sidewalk in that area, plaintiff fell and sustained injuries.

On December 21, 2017, plaintiff filed a complaint in the Superior Court alleging that defendants—The Old Canteen, Inc., as the occupant and proprietor of the restaurant, and Canteen Realty, LLC, as the property owner—had a duty and obligation to maintain the sidewalk area and its adjacent curbing in a safe and proper condition, free of any accumulated snow and ice, and that defendants failed to do so. The complaint further alleged that, pursuant to a municipal ordinance, defendants were required to remove the ice from the sidewalk or cover the icy area with sand or some other suitable substance, and that they failed to do so.

The record reveals that defendants were aware of the hazard posed by that area of the sidewalk in wintery conditions. In 2006, defendants, through counsel,

---

[1] There is no dispute that the area upon which plaintiff fell was a public sidewalk.

had notified the City of Providence (the city) that "a dangerous and slippery condition" existed at the location where plaintiff fell, some nine years later.[2]

On November 21, 2018, defendants moved for summary judgment, arguing that, as a matter of law, they did not owe a duty to plaintiff with respect to the city sidewalk upon which she fell. Although defendants conceded that they had attempted to clear the sidewalks, in reliance on *Gillikin v. Metro Properties, Inc.*, 657 A.2d 1060 (R.I. 1995), they argued that this voluntary effort did not give rise to a duty owed to plaintiff. The plaintiff objected to the motion for summary judgment, arguing that the location of snow and ice on the sidewalk was created by defendants' actions—specifically, that defendants undertook some clearing of the sidewalk, which caused an "unnatural accumulation" of ice. The plaintiff further contended that "the twist" in this case was that defendants were aware of the dangerous condition of this particular sidewalk area, had brought it to the attention

---

[2] The January 20, 2006 letter to the city public works director stated, in part:

> "Between where the concrete sidewalk along Bradford Street meets the brick façade sidewalk on Atwells, there exists a sloped piece of granite which was installed by the City of Providence. The piece of granite sits at an approximate 40 degree angle. The granite is smooth to the touch and solid. It is not porous and absorbent as the surrounding materials of concrete and brick are. Under wintery conditions, the sloped granite creates a dangerous and slippery condition despite my client's best efforts to keep the area free of snow and ice."

of the city, and for nine years did nothing further to remedy what they knew to be a dangerous condition in front of their establishment.

The trial justice issued a bench decision and declared that plaintiff's argument that defendants owed her a duty because they allegedly negligently removed snow from a dangerous area, which resulted in the existence of an unnatural accumulation of ice, was the same argument rejected by this Court in *Therrien v. First National Stores, Inc.*, 63 R.I. 44, 6 A.2d 731 (1939). The trial justice declared that defendants owed no duty to plaintiff and granted defendants' motion for summary judgment.

An order entered granting defendants' motion on March 25, 2019, and final judgment in favor of defendants entered on the same day. The plaintiff filed a timely notice of appeal.

**Standard of Review**

This Court reviews a trial justice's decision granting summary judgment *de novo. Ballard v. SVF Foundation*, 181 A.3d 27, 34 (R.I. 2018). "Although summary judgment is recognized as an extreme remedy, to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (brackets and deletion omitted) (quoting *Sullo v. Greenberg*, 68 A.3d 404, 407 (R.I. 2013)). We, like the trial justice, "view the evidence in the light most favorable to the

nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* (brackets omitted) (quoting *Sullo*, 68 A.3d at 406-07).

**Analysis**

On appeal, plaintiff acknowledges this Court's prior holdings that an abutting landowner cannot be held liable to pedestrians for negligent snow removal on a public sidewalk, but she argues that the trial justice erred in granting summary judgment because, plaintiff submits, liability can be deemed to exist when the landowner creates the hazardous condition. According to plaintiff, defendants' efforts to clear the sidewalk led to an unnatural accumulation of ice in the area where plaintiff fell and, therefore, made the condition of the sidewalk more dangerous than it was before defendants undertook such efforts.

In order to properly assert a claim for negligence, "a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." *Ouch v. Khea*, 963 A.2d 630, 633 (R.I. 2009) (quoting *Selwyn v. Ward*, 879 A.2d 882, 886 (R.I. 2005)). "Although complaints sounding in negligence generally are not amenable to summary judgment and should be resolved by fact finding at the trial court, the existence of a duty is a question of law." *Berard v. HCP, Inc.*, 64 A.3d 1215, 1218 (R.I. 2013). "Only when a party

properly overcomes the duty hurdle in a negligence action is [the party] entitled to a factual determination on each of the remaining elements: breach, causation, and damages." *Id.* at 1219 (quoting *Holley v. Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I. 2009)). In the absence of a legal duty, "the trier of fact has nothing to consider" and the grant of summary judgment is proper. *Id.* at 1218 (quoting *Holley*, 968 A.2d at 274).

The plaintiff's complaint alleged that defendants had a duty to maintain the sidewalk and the restaurant's arrival area in a safe and proper condition. In *Martin v. Altman*, 568 A.2d 1031 (R.I. 1990), this Court held that "an abutting owner of real estate has no duty to pedestrians to remove ice and snow or otherwise to keep the abutting sidewalk in good condition" and that the city ordinance requiring "an abutting owner to clear the adjacent sidewalk of snow and ice creates only a duty to the municipality at large and not to individual passers-by." *Martin*, 568 A.2d at 1031. Thus, in the present case, the city ordinance imposed upon defendant a duty to clear the sidewalk but did not create a duty to plaintiff individually.[3]

As for plaintiff's assertion that defendants owed her a duty because their efforts to clear the sidewalk created the unnatural accumulation of ice, this Court's jurisprudence is well-settled. In *Therrien*, cited *supra*, the Court held that

---

[3] *See* Providence Code of Ordinances, Supp. No. 4, § 23-16 (July 15, 2019) (Removal of ice from sidewalks, required."); *see also* G.L. 1956 § 24-7-1 (empowering municipalities to make ordinances relative to, *inter alia*, the removal of snow and ice from sidewalks).

performing the service of cleaning the sidewalk and leaving some spots or patches of snow thereon did not create a duty of care to the plaintiff. *Therrien*, 63 R.I. at 49, 50-51, 6 A.2d at 733, 734. In *Gillikin*, cited *supra*, the Court reaffirmed its holdings in *Martin* and *Therrien* that voluntary but insufficient attempts by a landowner to clear ice and snow from the public sidewalk abutting the owner's property do not give rise to a duty of care to a passerby. *Gillikin*, 657 A.2d at 1061 (citing *Martin*, 568 A.2d at 1031; *Therrien*, 63 R.I. at 51, 6 A.2d at 734); s*ee Berman v. Sitrin*, 991 A.2d 1038, 1047 (R.I. 2010) ("It is a well established legal principle in this jurisdiction * * * that a landowner whose property abuts a public way has no duty to repair or maintain it.").

Finally, we are unpersuaded by plaintiff's contention that summary judgment was premature in this case. The record is devoid of evidence to suggest that defendants' efforts to clear the sidewalk on that day made the sidewalk more dangerous than it would have been had they done nothing at all. The plaintiff could have requested a continuance pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure to obtain additional discovery relative to this argument—

by affidavit, deposition testimony, or otherwise; plaintiff made no such effort.[4]  At the summary-judgment stage, the burden was on plaintiff—as the nonmoving party—to produce competent evidence of a disputed issue of material fact, and plaintiff failed to meet that burden.  *See Ballard*, 181 A.3d at 34.

Therefore, while the defendants may have had a duty to the city to clear the sidewalks of snow and ice, the defendants' undertaking of some snow removal in that area did not create a duty of care to the plaintiff individually.  The trial justice's grant of summary judgment was proper, and we therefore affirm the Superior Court's grant of summary judgment in the defendants' favor.

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.

Justice Long did not participate.

---

[4] Rule 56(f) of the Superior Court Rules of Civil Procedure provides:

> "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Mary Lowney v. Canteen Realty, LLC, et al. |
| **Case Number** | No. 2019-403-Appeal.<br>(PC 17-6204) |
| **Date Opinion Filed** | June 3, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Mark P. Welch, Esq.<br>William J. Burke, Esq. |
| | For Defendants:<br><br>Lisa Marie DeMari, Esq. |