**Supreme Court**

No. 2013-304-Appeal.

(PC 10-470)

Ann Marie Maguire            :

v.            :

City of Providence et al.            :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

and fall. In her complaint filed on January 27, 2010, plaintiff alleged that the City of Providence (the city), Providence Place Group (PPG), and "ABC Corporations" were negligent in their "ownership, control and/or maintenance" of the area. Specifically, she alleged that defendants failed to properly maintain or repair the sidewalk, failed to warn about the defect, and created a hazardous condition.

On March 18, 2010, the city answered and filed a cross-claim against PPG, alleging that PPG was contractually obligated to keep the sidewalk "in good and safe condition" and to indemnify the city for any liability arising from the sidewalk's condition. On June 14, 2011, plaintiff amended her complaint to add Old Navy and Joe's as defendants, alleging that they too were negligent in their ownership, control, or maintenance of the sidewalk where she fell.

Old Navy and Joe's each operated as tenants in the mall pursuant to lease agreements. The leases for both tenants were introduced as exhibits. Old Navy's store was located within the mall, and Joe's was located on the exterior of the mall along Providence Place. The plaintiff fell on the sidewalk in front of or near these establishments.

On April 2, 2013, Old Navy moved for summary judgment, arguing that it owed no duty to plaintiff because it did not own, control, or maintain the public sidewalk where she fell. Joe's joined in the motion for summary judgment. The plaintiff objected, arguing that a genuine issue of material fact existed as to whether the tenants exercised control over the sidewalk.

- 2 -

and fall to the sidewalk. The plaintiff contended that she suffered injuries as a result of her fall. At that time, the property that abuts the sidewalk at 144 Providence Place was owned by Providence Place Group, L.P., and individual space on the ground floor in close proximity to the fall was leased to Old Navy and Joe's.

On January 22, 2010, plaintiff filed a complaint sounding in negligence against the City of Providence (the city), Stephen Napolitano, in his capacity as Treasurer for the City of Providence and/or his successors, Old Navy, and Joe's. The complaint also included both state and federal disability claims[1] against the city, Old Navy, and Joe's, as well as a claim that the city violated Section 504 of the Rehabilitation Act (29 U.S.C. § 704). The complaint alleged that the city was negligent in failing in "its duty to repair, keep, maintain * * * said sidewalk and sidewalk area in a safe condition and oversee and insist that said sidewalk was not in a dangerous and/or negligent condition." The complaint further alleged that Old Navy and Joe's each "had a continuing duty to see that the * * * sidewalk was kept in good repair and maintained in good condition so that it did not become and/or remain in negligent and/or dangerous condition, and a duty to warn of its dangerous and/or negligent condition." The complaint added that Joe's had a special duty to maintain the sidewalk because it "used said sidewalk to further its business" in that it placed tables and chairs outside the restaurant. Significantly, plaintiff did not allege that defendants were responsible for creating or causing the defects in the sidewalk.

On June 25, 2013, Joe's filed a motion for summary judgment, arguing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law on the grounds that responsibility for the maintenance of a public sidewalk rested with the city or the

---

[1] The state disability act is codified by G.L. 1956 § 11-24-2.1 and G.L. 1956 chapter 87 of title 42, and the federal disability act is codified by the Americans with Disabilities Act at 42 U.S.C. §§ 12101 to 12213.

State of Rhode Island and that owners or lessees of property abutting public sidewalks do not owe any duty to pedestrians. By virtue of its lack of responsibility for the sidewalk, Joe's added that any alleged violations of state or federal law concerning plaintiff's disability were irrelevant. On July 8, 2013, Old Navy filed its own motion for summary judgment, arguing that it owed no duty to plaintiff because its lease obligated the landlord, not the tenant, to repair and maintain common areas including sidewalks. Old Navy also adopted the argument raised by Joe's that the city was responsible for maintenance of the sidewalk.

On August 20, 2013, the hearing justice granted Joe's and Old Navy's motions for summary judgment on the ground that the occupant of land may not "be held liable for injuries suffered by pedestrians walking on the sidewalk located in front of their businesses * * *."[2] He reasoned that the designer and constructor of the sidewalk may have been liable to plaintiff, but that Joe's and Old Navy did not fit in that category. Rejecting the argument that Joe's was liable because it used the sidewalk to further its business, the hearing justice found that Joe's could not have contributed to plaintiff's fall because there was no evidence that its tables and chairs were on the sidewalk around the time of the accident. He also determined that the leases were clear that neither Joe's nor Old Navy had any contractual obligation to maintain or repair the sidewalk. Finally, the hearing justice concluded that all disability claims had to be dismissed since neither defendant owed a duty to plaintiff to maintain or repair the sidewalk. The plaintiff filed a timely appeal to this Court on September 6, 2013.

---

[2] The matter is still pending with regard to the city, as this case comes before us on partial summary judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. See Coro, Inc. v. R. N. Koch, Inc., 112 R.I. 371, 376, 310 A.2d 622, 625 (1973) ("Rule 54(b) * * * authorizes the entry of partial summary judgment in a proper case.").

## II

## Standard of Review

"[T]his Court reviews a grant of summary judgment <u>de novo</u>." <u>Sullo v. Greenberg</u>, 68 A.3d 404, 406 (R.I. 2013) (quoting <u>Sacco v. Cranston School Department</u>, 53 A.3d 147, 149-50 (R.I. 2012)). "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, '[w]e view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,] we will affirm the judgment.'" <u>Id.</u> at 406-07 (quoting <u>Sacco</u>, 53 A.3d at 150). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'prove[s] the existence of a disputed issue of material fact[.]'" <u>Id.</u> at 407 (quoting <u>Mutual Development Corp. v. Ward Fisher & Co.</u>, 47 A.3d 319, 323 (R.I. 2012)).

## III

## Discussion

In order to prove a claim for negligence, "a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damages." <u>Wyso v. Full Moon Tide, LLC</u>, 78 A.3d 747, 750 (R.I. 2013) (quoting <u>Willis v. Omar</u>, 954 A.2d 126, 129 (R.I. 2008)). "Although we have frowned upon the disposition of negligence claims by summary judgment, the existence of a duty is nonetheless a question of law." <u>Id.</u> (citing <u>Ouch v. Khea</u>, 963 A.2d 630, 633 (R.I. 2009)).

"[I]n the absence of a duty, 'the trier of fact has nothing to consider and a motion for summary judgment must be granted.'" Holley v. Argonaut Holdings, Inc., 968 A.2d 271, 274 (R.I. 2009) (quoting Banks v. Bowen's Landing Corp., 522 A.2d 1222, 1225 (R.I. 1987)). As a result, "[t]he existence of a duty of care is * * * reserved for the trial justice, not for the jury." Wyso, 78 A.3d at 750 (citing Banks, 522 A.2d at 1224). "Only when a party properly overcomes the duty hurdle in a negligence action is he or she entitled to a factual determination on each of the remaining elements: breach, causation, and damages." Id. (quoting Ouch, 963 A.2d at 633).

On appeal, plaintiff argues that the hearing justice should have recognized on summary judgment that defendants had both a duty to maintain the abutting sidewalk in a safe condition and a duty to warn of the sidewalk's dangerous condition. The plaintiff's contentions, however, overlook the extensive line of our own authority standing for the proposition that a property owner owes no duty to the public for the condition of an abutting sidewalk when he or she has taken no action to create the dangerous condition. See Berman v. Sitrin, 991 A.2d 1038, 1047 (R.I. 2010) ("It is a well established legal principle in this jurisdiction * * * that a landowner whose property abuts a public way has no duty to repair or maintain it."); see also Saunders v. Howard Realty Co., 118 R.I. 31, 31-32, 371 A.2d 274, 274 (1977) (holding that a property owner owes no duty to repair defective sidewalk without evidence he or she caused the defect).

We recently applied the holdings of Berman and Saunders to a case similar to the present one in which a claimant brought a negligence action against a lessee of property for a sidewalk fall. See Wyso, 78 A.3d at 751. In Wyso, we rejected the argument that a duty should be recognized simply because we have decided duty issues on an ad hoc basis in the past. Id. In considering the five-factor approach to assess whether a duty exists in negligence claims, we noted that these factors were meant to be "case specific" instead of binding "in future cases

- 5 -

involving different factual situations." Id. (quoting Ferreira v. Strack, 636 A.2d 682, 685 n.2 (R.I. 1994)). As such, we concluded that the defendants owed no duty of care to the plaintiff because the claimed injuries occurred in an area outside the property owner's control. Id. (citing Ferreira, 636 A.2d at 685). Further, we distinguished Banks on the ground that it was a premises liability case lodged by an invitee on the landowner's property, as compared to a slip-and-fall on a public sidewalk outside the defendants' control or possession. Id.

Because the facts in this case are nearly identical to those in Wyso, we adopt its reasoning and conclude that Old Navy and Joe's did not owe a duty to maintain the public sidewalk abutting their establishments. The plaintiff's claims that defendants owed her a duty to warn are likewise without merit, given that "a property owner who owes no duty of care to an individual also owes no duty to warn those individuals." Wyso, 78 A.3d at 752 (citing Berman, 991 A.3d at 1048).

The plaintiff claims that this case is distinguishable from Wyso because Joe's "has had control, use, and possession of the subject sidewalk area." The plaintiff has failed, however, to present the Court with the evidence necessary to substantiate that claim. She failed to produce evidence that Joe's designed, developed, repaired, or altered the abutting sidewalk, and she similarly failed to produce evidence that Joe's periodic use of a small portion of the sidewalk during the summer months created the defect that caused her fall. Moreover, the plaintiff admitted at her own deposition that there were no tables or chairs outside Joe's on that March day. Without such evidence, there is no basis for this tribunal to conclude that the defendants could have caused the defect, and the plaintiff's claim that there remain genuine issues of material fact as to control, use, and possession must fail. See Saunders, 118 R.I. at 32, 371 A.2d at 274 ("[I]n this case the fall was on the public sidewalk * * * and nothing in the affidavits on

- 6 -

file establishes a factual basis for the plaintiff's assertion that the defect was attributable to the defendants' fault."). Accordingly, we are of the opinion that the hearing justice properly granted the defendants' motion for summary judgment on the plaintiff's negligence claims.[3]

## IV

### Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court, and the record in this case shall be remanded to that tribunal.

---

[3] In the absence of a legally recognized duty, plaintiff's disability claims fare no better, and we agree with the hearing justice's decision granting defendants' motion for summary judgment on those grounds.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**          Ann Marie Maguire v. City of Providence et al.

**CASE NO:**          No. 2013-304-Appeal.
(PC 10-470)

**COURT:**          Supreme Court

**DATE OPINION FILED:**  November 28, 2014

**JUSTICES:**          Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

          Associate Justice Joseph A. Montalbano

**ATTORNEYS ON APPEAL:**

          For Plaintiff:  Edward John Mulligan, Esq.

          For Defendants:  Kevin S. Cotter, Esq.
                    James T. McCormick, Esq.