Lawrence T. CARLSON et al.

v.

TOWN OF SMITHFIELD, Dennis G. Finley, Treasurer.

No. 98–37–Appeal.

Supreme Court of Rhode Island.

Jan. 27, 1999.

George M. Prescott, Jr., Lincoln, for plaintiffs.

Edmund L. Alves, Michael Desisto, Providence, for defendants.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 14, 1998, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiffs, Lawrence T. Carlson, Robert L. Carlson, and Adele M. Carr, have appealed from a summary judgment by the Superior Court in favor of the defendants, the Town of Smithfield (town) and Dennis G. Finley, Treasurer. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that no cause has been shown. Therefore, the appeal will be decided at this time.

The plaintiffs are owners of three non-contiguous parcels of undeveloped land located in a low-density zoning district in the town of Smithfield, Rhode Island. On or about June 7, 1995, plaintiffs submitted an application (application I) to build a residential cluster development with sixty-three houses on the parcels. After pre-application approval by the planning board, the zoning board denied application I, and plaintiffs appealed the denial to the Superior Court.

The plaintiffs filed a second application (application II), dated September 18, 1995, for a residential cluster development providing for the construction of forty-two houses. Application II involved one of the three parcels that was the subject of application I. The planning board granted preliminary approval of application II, but, by letter dated October 6, 1995, the zoning board informed Lawrence Carlson that the proposal was being "placed on hold until a new or revised application has been filed," because there was no indication whether the application sought a variance or a special use permit, or represented an appeal, or constituted a repetitive petition. On November 24, 1995, plaintiffs filed a second

complaint in Superior Court, and on December 8, 1995, plaintiffs filed a third application (application III) for a residential cluster development with twenty houses. The planning board granted preliminary approval for application III that included lots that had been the subject of application I.

On January 29, 1996, plaintiffs submitted a "Claim for Damages" to the Smithfield Town Council alleging that: (1) "Smithfield has no proper legal procedure for the approval of the design for the roads, drainage and other improvements necessary to the orderly development and sale of the lots in the Cluster Developments," and (2) "Claimants have no remedy to redress their inability to finalize their development and sale of the lots in the Cluster Developments other than an action for damages." The plaintiffs alleged damages in the amount of $5,500,000. On October 8, 1996, plaintiffs filed their third complaint in the Superior Court seeking $5,500,000 for an alleged taking of their property because the town lacked a proper legal procedure for the approval of cluster developments. The defendants' motion for summary judgment was granted and plaintiffs appealed.

■■■ This Court reviews the granting of a motion for summary judgment on a *de novo* basis, applying the same criteria as the trial court. *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996); *Mallane v. Holyoke Mutual Insurance Company in Salem*, 658 A.2d 18, 19–20 (R.I. 1995). Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996).

The plaintiffs contended here that the town took their land in violation of the Fifth Amendment to the United States Constitution and that Smithfield Zoning Ordinance § 6.5.6.a—which requires that a cluster development to be approved by both the planning and zoning boards—does not conform to the mandates of G.L.1956 § 45–24–47(B) and, as such, the town zoning ordinance is illegal and void. The plaintiffs asserted further that the planning board has exclusive jurisdiction to approve cluster developments. For this reason, plaintiffs argued, the acts of the zoning board were *ultra vires*.

■■■ The trial justice, however, upheld the town ordinance on the ground that "Section 45–24–47(B) does not evince a legislative intent to eliminate the role of the Zoning Board in the area of land development projects. *** Accordingly, the Smithfield Zoning Ordinance, which requires both Zoning Board and Planning Board approval for cluster developments, complies with the Enabling Act." "[W]hen the validity of an ordinance is at issue, the court must, if possible interpret the ordinance as valid." *Providence City Council v. Cianci*, 650 A.2d 499, 502 (R.I.1994). We concur with the rationale and judgment of the Superior Court that § 6.5.6.a of the Smithfield Ordinances is valid. In addition, we deny and dismiss this appeal on the supplemental ground that plaintiffs failed to exhaust their administrative remedies prior to filing their third suit in the Superior Court. The Smithfield zoning board never denied the applications at issue in this suit. Rather, the zoning board wrote a letter to plaintiffs informing them that application II was being placed on hold pending further information and clarification. To date, the zoning board has neither denied nor held a hearing on applications II and III. Moreover, plaintiffs did not allege that they challenged the constitutionality of § 6.5.6.a before the zoning board. As such, plaintiffs have failed to exhaust their administrative remedies.

The Rhode Island Zoning Enabling Act, §§ 45–24–27 through 45–24–72, "empowers each city and town with the capability to establish and enforce standards and procedures *** and criteria in regulating the type, intensity, and arrangement of land uses," § 45–24–29(b)(3), and grants municipalities considerable discretion in choosing how best to fulfill the purposes of the Act.[1] Moreover,

1. General Laws 1956 § 45–24–32 provides, in part: "All municipal zoning ordinances shall in-

under the Zoning Enabling Act, the town has no obligation to provide for cluster developments.[2] Although § 44-24-47(B) provides that the planning board must approve any land developments, we agree with the trial justice that if the town, as here, opts to provide for cluster developments, it can exercise its discretion to require zoning board approval in addition to planning board approval. Because we hold that the ordinance is valid, we need not reach the takings claim.

For the foregoing reasons, we deny and dismiss the plaintiffs' appeal and affirm the judgment of the Superior Court to which we remand the papers in this case.

clude *at a minimum* the following provisions ***." (Emphasis added.)

**2.** Section 45-24-47(A) provides: "Special provisions—Land development projects.—(A) *A zoning ordinance may provide for* land development projects *** [including] cluster development for residential, commercial, institutional, recreational, open space, and/or mixed uses *as may be provided for in the zoning ordinance.*" (Emphases added.)