**Supreme Court**

No. 2012-195-Appeal.
No. 2012-359-Appeal.
(WC 10-633)

Peter Wyso                          :

            v.                      :

Full Moon Tide, LLC, et al.         :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2012-195-Appeal.
No. 2012-359-Appeal.
(WC 10-633)

|                          |   |
|--------------------------|---|
| Peter Wyso               | : |
| v.                       | : |
| Full Moon Tide, LLC, et al. | : |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.** The plaintiff, Peter Wyso, appeals from summary judgment entered against him and in favor of a tenant and property owner in a personal injury action. Wyso contended that he sustained injuries when he tripped and fell on a public sidewalk that was uneven and replete with cracks. On October 2, 2013, this case came before the Supreme Court pursuant to an order directing the plaintiff to appear and show cause why the issues raised should not summarily be decided. We have considered the record and the written and oral submissions of the parties, conclude that cause has not been shown, and proceed to decide the appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

**Facts and Travel**

On September 6, 2007, Wyso, who was vacationing on Block Island, was walking along a public sidewalk in the Town of New Shoreham[1] when he tripped and fell on a cracked and uneven section of the sidewalk that abutted 104 Water Street. The plaintiff contended that he suffered injuries as a result of the fall. The property that abuts the sidewalk at 104 Water Street is owned by Frederick and Deborah Howarth (the Howarths) and was leased to retailers Full Moon Tide, LLC and Strings & Things, Inc. (Full Moon Tide).[2]

The plaintiff filed suit in Washington County Superior Court on September 1, 2010, alleging that defendants' negligence was the proximate cause of his injuries. The complaint alleged that defendants "negligently failed to inspect, repair, and/or maintain its premises free from defect and/or dangerous condition causing plaintiff to fall and suffer injuries * * * ." It is significant that Wyso did not allege that defendants were responsible for creating or causing the defects in the sidewalk. On November 14, 2011, Full Moon Tide filed a motion for summary judgment, arguing that there were no genuine issues of material fact and that defendant was entitled to judgment as a matter of law. On January 5, 2012, plaintiff filed a motion to amend his complaint, alleging in that proposed amendment that, in addition to the negligence claim, defendants owed plaintiff a duty to warn of the dangerous condition of the sidewalk.

On January 17, 2012, the trial justice granted Full Moon Tide's motion for summary judgment. He found that plaintiff had not raised a genuine issue of material fact and further that he had failed to demonstrate that Full Moon Tide owed plaintiff a duty of care. The trial justice

---

[1] The Town of New Shoreham is situated on Block Island.
[2] Unless otherwise noted, the parties will be collectively referred to as "defendants."

also denied plaintiff's motion to amend the complaint, reasoning that there was no duty to warn plaintiff of the condition of the sidewalk.[3] Wyso filed a timely appeal to this Court.

On March 5, 2012, the Howarths filed their own motion for summary judgment. The Howarths maintained, as had Full Moon Tide, that there were no genuine issues of material fact and that defendant was entitled to judgment as a matter of law. On May 21, 2012, the same justice granted the Howarths' motion for summary judgment. The justice found that plaintiff had not raised a genuine issue of material fact and had failed to demonstrate that the Howarths owed plaintiff either a duty of care or a duty to warn. The plaintiff filed a timely appeal on June 11, 2012.[4]

Before this Court, plaintiff advances two arguments. Wyso first maintains that the trial justice erred when he granted summary judgment because there are genuine issues of material fact. Second, he contends that defendant breached a duty of care.

## Standard of Review

"[T]his Court reviews a grant of summary judgment de novo." Sullo v. Greenberg, 68 A.3d 404, 406 (R.I. 2013) (quoting Sacco v. Cranston School Department, 53 A.3d 147, 149-50 (R.I. 2012)). "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, '[w]e view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]' we will affirm the judgment." Id. at 406-07 (quoting Sacco, 53 A.3d at 150). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to

---

[3] The motion to amend was granted by rule of the court with respect to the property owners because the Howarths did not file an objection to the motion.

[4] In an order dated April 25, 2013, this Court consolidated the two appeals.

produce competent evidence that 'prove[s] the existence of a disputed issue of material fact[.]'" Id. (quoting Mutual Development Corp. v. Ward Fisher & Co., 47 A.3d 319, 323 (R.I. 2012)).

**Discussion**

To maintain "a claim for negligence, 'a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage.'" Willis v. Omar, 954 A.2d 126, 129 (R.I. 2008) (quoting Mills v. State Sales, Inc., 824 A.2d 461, 467 (R.I. 2003)). Although we have frowned upon the disposition of negligence claims by summary judgment, the existence of a duty is nonetheless a question of law. See Ouch v. Khea, 963 A.2d 630, 633 (R.I. 2009) (whether a defendant owes a plaintiff a duty of care "is a question of law to be determined by the court" (citing Martin v. Marciano, 871 A.2d 911, 915 (R.I. 2005))); see also Gliottone v. Ethier, 870 A.2d 1022, 1028 (R.I. 2005) (noting difficulties that can arise when disposing of negligence claims through summary judgment).

In the absence of such a duty, "the trier of fact has nothing to consider and a motion for summary judgment must be granted." Holley v. Argonaut Holdings, Inc., 968 A.2d 271, 274 (R.I. 2009) (quoting Banks v. Bowen's Landing Corp., 522 A.2d 1222, 1225 (R.I. 1987)). The existence of a duty of care is a legal question reserved for the trial justice, not for the jury. Banks, 522 A.2d at 1224. "Only when a party properly overcomes the duty hurdle in a negligence action is he or she entitled to a factual determination on each of the remaining elements: breach, causation, and damages." Ouch, 963 A.2d at 633.

The plaintiff's complaint alleged that defendants owed him a duty to maintain the sidewalk abutting its premises in a safe condition. The complaint was amended, at least with respect to the Howarths, to include a duty to warn him of the condition of the sidewalk. The

- 4 -

plaintiff argues that it was the breach of those duties that caused his injuries. However, in our opinion, he overlooked a significant amount of our jurisprudence providing that a property owner owes no duty to individuals for the condition of public sidewalks when the property owner has taken no action to create the dangerous condition. See Berman v. Sitrin, 991 A.2d 1038, 1047 (R.I. 2010) ("It is a well-established legal principle in this jurisdiction, as well as others, that a landowner whose property abuts a public way has no duty to repair or maintain it."). In Saunders v. Howard Realty Co., 118 R.I. 31, 371 A.2d 274 (1977), a plaintiff made a strikingly similar claim to the one made here by Wyso. In that case, we held that a property owner has no obligation to repair a defective sidewalk when there is no evidence that the property owner is the cause of the defect. Id. at 31, 371 A.2d at 274.

On appeal, plaintiff argues that a duty should be recognized because this Court has taken an ad hoc approach to determine a duty. In Banks, we established a five-factor approach that considers all relevant circumstances, including foreseeability of harm, closeness of connection between a defendant's conduct and a plaintiff's injury, and the consequences of imposing a duty to exercise care with resulting liability for breach of the duty. Bucki v. Hawkins, 914 A.2d 491, 495 (R.I. 2007) (citing Banks, 522 A.2d at 1225).

However, we believe that plaintiff's reliance on Banks is misplaced for two reasons. First, we have cautioned that the factors in Banks were "case specific and should not be taken or construed to limit the scope of factors that we shall consider in future cases involving different factual situations." Ferreira v. Strack, 636 A.2d 682, 685 n.2 (R.I. 1994). In Ferreira, which involved a claim of a property owner's duty of care to pedestrians on a public highway, we considered factors that differed from those outlined in Banks because the public highway was not owned, possessed, or controlled by the defendants. Id. We concluded in Ferreira that the

- 5 -

defendants owed no duty of care to the plaintiffs because the injuries that were claimed occurred in an area that was beyond the property owner's control. Id. at 685.

Second, Banks was a premises-liability negligence claim against property owners that was lodged by an invitee who was on the landowner's property at the time of the injury. See Banks, 522 A.2d at 1223-24. A property owner owes a duty of care to those whom he can reasonably expect to be on his property. O'Brien v. State, 555 A.2d 334, 338 (R.I. 1989). The rationale for the imposition of this duty rests firmly on the landowner's possession of the premises and his or her attendant right and obligation to control the premises. Ferreira, 636 A.2d at 685. Here, however, plaintiff's injuries occurred on a public sidewalk that was not within defendants' control or possession.

Undaunted, plaintiff next argues that the source of defendants' duty of care arises from Section 15(a) of the Town of New Shoreham Ordinances, which addresses maintenance and repair of sidewalks.[5] In our opinion, this analysis also is misplaced because we have decided previously that a municipal ordinance does not create a duty to maintain a public sidewalk for individual passers-by. Gillikin v. Metro Properties, Inc., 657 A.2d 1060, 1061 (R.I. 1995); see also Arenas v. Riveredge Village Associates, 688 A.2d 858, 858 (R.I. 1997) (mem.). Any duty

---

[5] Section 15(a) of the Town of New Shoreham Ordinances reads as follows:

> "All owners or agents of owners with property abutting and fronting upon any plaza, street, or alley within the corporate limits of the town are required to keep the public sidewalks including the authorized installations thereon and therein and the curb, and curb and gutter immediately abutting their property in good order and repair. Each such owner shall be liable to the town for all losses to the town or recoveries from the town for damages to person or property of others caused by his failure or that of his agents to repair and keep in good order and reasonable safe condition of all such sidewalks abutting and fronting his property upon any plaza, street, or alley within the corporate limits of the town."

created by the New Shoreham ordinance inures to the benefit of the municipality and not to individuals. See Martin v. Altman, 568 A.2d 1031, 1031 (R.I. 1990) ("The ordinance of the City of Providence * * * creates only a duty to the municipality at large and not to individual passers-by."). Indeed, the ordinance cited by plaintiff goes even further than the ordinance at issue in Martin, because it states explicitly that a property owner who fails to keep a public sidewalk in good order and repair "shall be liable to the town" for losses or recoveries.

The plaintiff next argues that the defendants owed him a duty to warn of the condition of a defective sidewalk.[6] This argument also falls short because a property owner who owes no duty of care to an individual also owes no duty to warn those individuals. See Berman, 991 A.2d at 1048. In another case from Block Island, we held that a moped lessor owed a lessee no duty to warn of dangerous conditions on public roadways. Ohms v. State Department of Transportation, 764 A.2d 725, 727 (R.I. 2001). A sidewalk is not a road, but it is nevertheless a public way about which an abutting property owner does not have a duty to warn those who use the sidewalk.[7]

**Conclusion**

For the foregoing reasons, we affirm the judgment of the Superior Court, and the record in this case shall be remanded to that tribunal.

---

[6] The plaintiff's argument here applies only to the Howarths because the trial justice denied the motion to amend as to Full Moon Tide, and that order was not appealed. The Howarths did not object to the plaintiff's motion to amend which was, therefore, granted by rule of the court.
[7] The plaintiff has not demonstrated that the factual circumstances surrounding his fall on the sidewalk differ in any significant way from defendants' version. We fail to see any genuine issue of material fact.



**TITLE OF CASE:**         Peter Wyso v. Full Moon Tide, LLC, et al.

**CASE NO:**                   No. 2012-195-Appeal.
                                      No. 2012-359-Appeal.
                                      (WC 10-633)

**COURT:**                      Supreme Court

**DATE OPINION FILED:**  November 1, 2013

**JUSTICES:**                  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**             Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**  Washington County Superior Court

**JUDGE FROM LOWER COURT**:

                                      Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

                                      For Plaintiff:   Kara M. Fay, Esq.

                                      For Defendants:  Kevin S. Cotter, Esq.
                                                              Audra L. Medeiros, Esq.