**Supreme Court**

No. 2015-259-Appeal.
(NC 07-243)

Joseph Hall et al.                    :

v.                    :

City of Newport et al.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|                        |   |
|------------------------|---|
| Joseph Hall et al.     | : |
| v.                     | : |
| City of Newport et al. | : |

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The plaintiffs, Joseph Hall, his wife, Marilyn Hall, and their children, Jacob and Philomena Hall (the Halls), appeal from the April 16, 2015 entry of partial final judgment (entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure) in favor of the defendant, Rhode Island Public Transit Authority (RIPTA),[1] in Newport County Superior Court.  The partial final judgment was entered as a result of the Superior Court's granting of the defendant's motion for summary judgment.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

---

[1]    There are numerous defendants in this case; for the purposes of this appeal we are concerned only with the claim brought by the Halls against RIPTA.

# I

## Facts and Travel

According to plaintiffs' first amended complaint, in March of 2003, Leon Budlong, a bus driver in RIPTA's employ, claimed that he was assaulted while on his Ruggles Avenue bus route. Over a year after the assault, Mr. Budlong identified Mr. Hall as his attacker for the first time. Mr. Hall was ultimately acquitted by a jury in the Newport County Superior Court after appealing thereto for a de novo trial following his conviction in District Court. According to the first amended complaint in the instant case, Mr. Budlong's bus route went by the Halls' home on Ruggles Avenue in Newport "some thirty-two * * * times each day." Mr. Budlong was assigned to that bus route during all times pertinent to this case. The plaintiffs alleged, in their first amended complaint, that Mr. Budlong "embarked on a pattern of harassment of the Halls" in 2004, after identifying Mr. Hall as his alleged attacker.

The plaintiffs' attorney sent two letters to RIPTA informing them of the alleged harassment by Mr. Budlong—one letter being dated September 22, 2005 and the second letter being dated November 14, 2005. In his first letter, the Halls' attorney stated the following:

> "One of your trolley drivers, Leon Budlong has engaged in a long series of harassing actions against my clients. My clients have had to resort to the Superior Court to obtain a restraining order against Mr. Budlong, which remains in effect.[2]
> "After an extended absence, Mr. Budlong returned to the route which includes Ruggles Avenue on September 1, 2005 and his harassment of the Halls has escalated.

---

[2] On July 7, 2005, in a separate civil action, a Superior Court justice granted the Halls a temporary restraining order against Mr. Budlong. On December 7, 2005, the Superior Court then issued a preliminary injunction ordering mutual restraining orders against Mr. Budlong and the Halls. That preliminary injunction specifically stated: "These proceedings do not resolve the case * * * neither the Court nor either party, respectively, having ordered or requested that the hearing be consolidated with a trial on the merits."

"This all culminated on Saturday, September 17, 2005 when Mr. Budlong drove his trolley bus up to the Halls' residence, stopped, and took a picture of Mrs. Hall in her yard.

"The Halls have had it with Mr. Budlong and demand that you remove him from this route to prevent any further harassment of them by Mr. Budlong, which would have serious implications for RIPTA."

After no response was received, Mrs. Hall herself then sent a letter to RIPTA (the third written communication to that entity) on November 28, 2005. In that letter she stated that she was "in fear" for her children, herself, and her husband. She added that Mr. Budlong had "devastated our family by his aggravated, out-of-control harassments." RIPTA's response came on December 9, 2005. It stated that RIPTA had investigated the matter, and then it provided as follows:

"You have indicated that you would like RIPTA to change Mr. Budlong's route. Please be advised that routes are assigned to drivers pursuant to a detailed process set forth in the collective bargaining agreement between RIPTA and the Amalgamated Transit Union.

"Again, it appears from what we have learned of this matter that this is a private dispute. Furthermore, while you state in your letter that you are in fear for yourself, your husband, and your children, RIPTA considers this to be a police matter, and if at any time you fear for your safety or that of your family, I urge you to contact the police.

"Finally, if you have specific complaints about what Mr. Budlong may be doing while he is driving for RIPTA, I urge you to write to us again."

On May 23, 2007, plaintiffs filed the instant action in the Superior Court as a result of Mr. Budlong's alleged harassment of them. (The complaint contained other counts addressing the alleged actions and/or inactions of other defendants.) In plaintiffs' first amended complaint, they included one count against RIPTA, alleging a "[f]ailure to [p]roperly [c]ontrol [d]efendant Budlong." The first amended complaint specifically stated that RIPTA had "received complaints from the Halls about the conduct of their employee, [d]efendant Leon Budlong, explaining his conduct and repeatedly requesting that he be removed from his route" and that RIPTA had

"failed to take appropriate action in preventing, discouraging or reprimanding [d]efendant Budlong." The first amended complaint further alleged that RIPTA's failure to control and supervise constituted negligence because RIPTA had a duty to prevent Mr. Budlong from harassing the Halls; the Halls further alleged that RIPTA breached that duty, which breach was the proximate cause of the Halls' injuries.

## Summary Judgment

On October 24, 2014, RIPTA filed a motion for summary judgment, asserting that the Halls failed to show that Mr. Budlong was an "incompetent or unfit bus driver" and failed to offer any evidence showing that any negligence on the part of RIPTA proximately caused physical injury or any compensable injury to the Halls. The plaintiffs objected in writing to RIPTA's motion for summary judgment, alleging that there were numerous issues of material fact in the case.

Attached to plaintiffs' objection to RIPTA's motion for summary judgment were affidavits from each plaintiff. In his affidavit, Joseph Hall stated that Mr. Budlong: (1) drove by him and rang the trolley bell at him; (2) ripped down reward posters that the Halls had put up in an attempt to find the person who had committed the attack on Mr. Budlong of which Mr. Hall was accused; (3) had his wife call Mrs. Hall on the telephone pretending to be a witness to Mr. Hall's purported attack on Mr. Budlong; (4) harassed Mr. Hall and his family since "May 23, 2004;" (5) stopped in front of the Halls' home; (6) "c[a]me at [them] with [their] children in [their] vehicles to scare them;" (7) "cut off" the Halls' vehicle and then "stalked" them; (8) tried to "run [Mr. Hall] and [his wife] off East Main Road;" (9) blocked the Halls' driveway with his vehicle; (10) drove a RIPTA bus "straight at" the Halls' daughter as she drove behind Rogers High School, forcing her "up onto the sidewalk" and then laughing at her; (11) drove by the

Halls' residence and gave them "intimidating stares;" (12) "swerved at" Mr. Hall's truck with his trolley; (13) drove a RIPTA vehicle right through "a stop sign on Ruggles Ave. onto Bellevue Ave." at the Halls in their truck; and (14) stopped his RIPTA bus by the Halls, who were walking to church, making "masturbation motions" at them. Mrs. Hall's affidavit provided more detail and set forth even more incidents of harassment than had her husband's affidavit. However, the incidents Mrs. Hall referenced are similar in nature to those described by her husband. Mrs. Hall did allege in her affidavit that Mr. Budlong intentionally inflicted emotional distress on her and her family members, causing them to "lose sleep." Additionally, the affidavits of Philomena and Jacob Hall set forth allegations of similar incidents of harassment by Mr. Budlong.

On April 6, 2015, a hearing was held on RIPTA's motion for summary judgment. Numerous exhibits were entered into the record; those exhibits included the two letters to RIPTA from the Halls' attorney, the letter from Mrs. Hall to RIPTA, and the written response by RIPTA, as well as the affidavits from the four plaintiffs. At that hearing, the hearing justice granted RIPTA's motion for summary judgment. Partial final judgment was entered on April 16, 2015 pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The plaintiffs then filed a timely notice of appeal.

## II

### Standard of Review

As we have repeatedly stated, this Court reviews the grant of summary judgement in a de novo manner. Shine v. Moreau, 119 A.3d 1, 7 (R.I. 2015); see DeMarco v. Travelers Insurance Co., 26 A.3d 585, 605 (R.I. 2011); Tanner v. Town Council of East Greenwich, 880 A.2d 784, 791 (R.I. 2005). It is our practice to "review the pleadings, affidavits, admissions, answers to interrogatories, and other appropriate evidence in the light most favorable to the nonmoving

party." Aetna Casualty & Surety Co. v. Vierra, 619 A.2d 436, 437 (R.I. 1993). After that review, if we conclude "that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." Peerless Insurance Co. v. Luppe, 118 A.3d 500, 505 (R.I. 2015) (internal quotation marks omitted); see also Shine, 119 A.3d at 8. We remain mindful of the fact that "[s]ummary judgment is an extreme remedy that should be applied cautiously." Ferris Avenue Realty, LLC v. Huhtamaki, Inc., 110 A.3d 267, 279 (R.I. 2015) (internal quotation marks omitted).

It is the party opposing summary judgment that "bears the burden of proving, by competent evidence, the existence of facts in dispute." Jessup & Conroy, P.C. v. Seguin, 46 A.3d 835, 838 (R.I. 2012) (internal quotation marks omitted); see also Higgins v. Rhode Island Hospital, 35 A.3d 919, 922 (R.I. 2012). That party must, "by affidavits or otherwise * * * set forth specific facts showing that there is a genuine issue of material fact * * *." Jessup & Conroy, P.C., 46 A.3d at 839 (emphasis in original) (internal quotation marks omitted); see also Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998).

## III

## Analysis

### A

### The Halls' Negligence Claim

RIPTA counters the Halls' contention on appeal that RIPTA's motion for summary judgment should have been denied, by positing that summary judgment was appropriate in the instant case because RIPTA did not owe a duty to the Halls, no actionable incident took place, and the Halls did not suffer any actual injury or damages. RIPTA states that none of the exhibits which the Halls submitted in support of their objection to RIPTA's motion for summary

judgment support their claim against RIPTA and RIPTA adds that the Halls may not rely solely on their pleadings.

In order to "maintain a claim for negligence, a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." Wyso v. Full Moon Tide, LLC, 78 A.3d 747, 750 (R.I. 2013) (internal quotation marks omitted); see Medeiros v. Sitrin, 984 A.2d 620, 625 (R.I. 2009); see also Splendorio v. Bilray Demolition Co., 682 A.2d 461, 466 (R.I. 1996). We shall address each of those requirements in turn.

### 1. Duty

The Halls contend that RIPTA owed them a duty to not supervise its employee in a negligent manner. RIPTA claims it owed no duty to the Halls because the letters it received from the Halls and the Halls' attorney generalized the harassment and did not put RIPTA on notice of any of the specific allegations against Mr. Budlong, including that Mr. Budlong used a RIPTA vehicle in a dangerous manner so as to harass the Halls. The hearing justice did not make any specific finding with respect to whether or not RIPTA owed a duty to the Halls.

Whether or not a duty exists is a question of law. Wyso, 78 A.3d at 750; see also Brown v. Stanley, 84 A.3d 1157, 1162 (R.I. 2014); Ouch v. Khea, 963 A.2d 630, 633 (R.I. 2009). In our opinion in Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc., 474 A.2d 436, 438, 441, 443 (R.I. 1984), we recognized the existence of a cause of action against an employer for negligent supervision, and we stated that we were recognizing "the direct liability of an employer to third parties who are injured by acts of unfit, incompetent, or unsuitable employees." See also Rivers v. Poisson, 761 A.2d 232, 235 (R.I. 2000) (stating that in Welsh we "recognized the viability of a cause of action against an employer for the negligent retention

- 7 -

and/or supervision of an employee when a third party is injured by the acts of unfit or incompetent employees"). The employer has a duty to "exercise reasonable care" in supervising an employee; whether the degree of care is reasonable in a particular case depends upon "the risk of harm inherent in the employment—[t]he greater the risk of harm, the higher degree of care necessary * * *." Id. at 235 (internal quotation marks omitted).[3]

In the instant case, the letters sent by the Halls and their attorney to RIPTA put it on notice that there was a conflict between one of its employees and the Halls and that there was a repeated claim of harassing behavior on the part of Mr. Budlong. Accordingly, it is our judgment that RIPTA had a duty to exercise reasonable care in conducting a full investigation, which should have included obtaining more specific information from the Halls—and, if their claims were meritorious, then taking appropriate action to ensure that its employee was not harassing the Halls. Thus, we do not find RIPTA's contention that it did not have a duty in the instant case to be availing.

## 2. Breach, Proximate Cause, and Damages

In addressing the remaining three elements of a negligence claim, we keep in mind that they are fact-based and that the "[trial] justice may treat the issue of negligence as a matter of law only if the facts suggest only one reasonable inference." Berard v. HCP, Inc., 64 A.3d 1215, 1218 (R.I. 2013) (internal quotation marks omitted). We also bear in mind our repeated admonition that "complaints sounding in negligence generally are not amenable to summary

---

[3] In our opinion in Rivers v. Poisson, 761 A.2d 232, 235-36 (R.I. 2000), we concluded that summary judgment for the employer was appropriate in a situation where an employer was alleged to have negligently supervised its employee who was making harassing phone calls while at work. However, crucial to our holding was the fact that the employer was not aware of the telephone calls until after they had stopped and the fact that the nature of the employee's job as a janitor did not require any heightened degree of supervision. Id. at 235. Thus, Rivers is factually distinguishable from the instant case, in which RIPTA had repeatedly been put on notice of Mr. Budlong's alleged actions.

judgment and should be resolved by a fact finding at the trial court * * *." Id.; see Wyso, 78 A.3d at 750 ("[W]e have frowned upon the disposition of negligence claims by summary judgment * * *."); see also DeMaio v. Ciccone, 59 A.3d 125, 130 (R.I. 2013) ("[T]his Court has recognized that issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner.") (internal quotation marks omitted).

The hearing justice, in making his decision on RIPTA's motion for summary judgment, failed to take into account any of the numerous exhibits and affidavits which the Halls had filed with their objection to the motion for summary judgment.[4] Our review of those exhibits and affidavits leads us to the inescapable conclusion that the Halls have borne their burden of proving by competent evidence the existence of issues of material fact with respect to whether or not there was a breach of duty and whether or not that breach proximately caused an injury to members of the Hall family.

RIPTA's December 9, 2005 letter to the Halls reflects the fact that RIPTA was aware of a conflict between the Halls and Mr. Budlong, but it nevertheless took no further action in the matter and simply urged the Halls to "contact the police." That letter is evidence on the basis of which a reasonable fact-finder could determine that RIPTA breached its duty to the Halls. In addition, the several affidavits filed by the Halls detailing the numerous incidents of harassment that they allegedly suffered at the hands of Mr. Budlong over a long period of time while he was employed by RIPTA and driving the bus route past their residence constitute evidence of the "red flag" variety that genuine issues of material fact remained to be decided. See Peerless Insurance Co., 118 A.3d at 505. A trier of fact would eventually be required to make a

---

[4] The Halls point out, in their filings before this Court, that the hearing justice focused much of his discussion at the hearing on the length of time during which this case has been pending. We note that, while we share the hearing justice's concern about the duration of this case, that fact should not affect an analysis of a motion for summary judgment.

determination as to the credibility of the Halls and other witnesses, and we express no view as to what the outcome of that credibility-assessing process will be. For our present purposes, however, the key point is that that determination must be made by a fact-finder in the first instance. See Estate of Giuliano v. Giuliano, 949 A.2d 386, 393-95 (R.I. 2008).

With respect to damages, RIPTA claims that no evidence of any injury exists. However, Mrs. Hall's affidavit contains a statement reflecting the fact that Mr. Budlong's actions caused her family members emotional distress, which emotional distress she asserts caused them to "lose sleep." Once again, if a fact-finder found Mrs. Hall to be credible, then the requirements of proximate cause and actual damage would be met. Thus, the issues of proximate cause and of damages cannot be resolved on a motion for summary judgment in the instant case.

It is our conclusion that the Halls adequately supported their objection to the motion for summary judgment with exhibits and affidavits. See Jessup & Conroy, P.C., 46 A.3d at 838-39. When that evidence is reviewed in the light most favorable to the Halls, it is clear that granting summary judgment on this necessarily fact-intensive claim of negligence was inappropriate.[5] See Peerless Insurance Co., 118 A.3d at 505; see also Berard, 64 A.3d at 1218.

**B**

**RIPTA's Additional Contentions on Appeal**

RIPTA makes two additional arguments which we deem it prudent to briefly address. RIPTA argues that the Halls' case against it is barred by the doctrine of collateral estoppel. With respect to the doctrine of collateral estoppel, we have stated the following: "It is axiomatic that in order for collateral estoppel to apply, there must be an identity of issues; the prior proceeding

---

[5] In their filings before this Court, the Halls make an additional argument to the effect that the hearing justice inappropriately made credibility determinations during his decision on RIPTA's motion for summary judgment. We note that our review of the transcript does not reveal any findings of credibility.

must have resulted in a final judgment on the merits; and the party against whom collateral estoppel is sought must be the same as or in privity with the party in the prior proceeding." Commercial Union Insurance Co. v. Pelchat, 727 A.2d 676, 680 (R.I. 1999) (internal quotation marks omitted). RIPTA bases its contention that the Halls' action against it is barred by collateral estoppel on an order with respect to a preliminary injunction which was entered by the Superior Court on December 7, 2005. That order states: "These proceedings do not resolve the case * * * , neither the Court nor either party, respectively, having ordered or requested that the hearing be consolidated with a trial on the merits." Thus, by its own terms, the order is not a final judgment. As such, RIPTA's collateral estoppel argument is without merit.

In addition, RIPTA makes much of the fact that, in their first amended complaint, the Halls allege that RIPTA failed to "[p]roperly [c]ontrol" Mr. Budlong, whereas on appeal the Halls focus on their claim of negligent infliction of emotional distress. RIPTA contends that, due to that fact, the Halls have waived any argument on appeal with respect to RIPTA's failure to "properly control" claim. We are of the opinion that RIPTA's argument elevates form over substance. Regardless of the title which the Halls put on their claim, the basis of the claim remains the same: the Halls allege that RIPTA acted in a negligent manner when it failed to properly supervise Mr. Budlong and that that failure proximately caused them emotional harm. As such, we do not perceive any waiver on the part of the Halls.

Accordingly, we hold that the hearing justice erred when he granted RIPTA's motion for summary judgment in view of the fact that unresolved material issues of fact still exist in this case and those issues must be resolved by a fact-finder.

## IV

## Conclusion

For the reasons stated in this opinion, we vacate the judgment of the Superior Court. We remand the record to that tribunal.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Joseph Hall et al. v. City of Newport et al.

**CASE NO:**     No. 2015-259-Appeal.
(NC 07-243)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     June 2, 2016

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice William P. Robinson

**SOURCE OF APPEAL:**     Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Walter R. Stone

**ATTORNEYS ON APPEAL:**

For Plaintiffs:   Sol Cohen, Pro Hac Vice
Gordon P. Cleary, Esq.

For Defendants:   Lori C. Silveira, Esq.
Kenneth M. Sambour, Esq.
Marc Desisto, Esq.