**Supreme Court**

No. 2016-155-Appeal.
(PC 13-5676)

Eunique Williams                    :

v.                         :

Chicara Alston et al.                 :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Eunique Williams             :

v.                           :

Chicara Alston et al.        :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  This case arose out of a two-vehicle collision that resulted in the plaintiff, Eunique Williams, sustaining severe bodily injuries when one of the automobiles involved struck her while she was standing at her post as a crossing guard.  The plaintiff appeals from the Superior Court's grant of summary judgment in favor of Rick M. Ford, a co-defendant.  The plaintiff argues that the hearing justice erred when he concluded that there were no genuine issues of material fact in dispute.  The matter came before this Court for oral argument on February 10, 2017, pursuant to an order directing the parties to appear and show cause why this appeal should not summarily be decided.  After considering the parties' oral and written arguments, and after thoroughly reviewing the record, it is our opinion that cause has not been shown and that this case should be decided at this time without further briefing or argument.  For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

- 1 -

**Facts and Travel**

August 31, 2012, was the Friday of the first week of a new school year, and plaintiff was working as a crossing guard at the intersection of Park and Wellington Avenues in Cranston. Just minutes before her shift was to be completed, plaintiff looked northward up Wellington Avenue and saw a black car speeding towards the intersection where she was working. The black car, which was being operated by co-defendant Chicara Alston, swerved to its left into the oncoming traffic lane, sped past one or two cars, and then turned back to the right, passing another vehicle between that vehicle and the guardrail. Despite being confronted with a red light, Alston continued into the intersection, striking Ford's pickup truck, which had entered the intersection under a green light as it was traveling eastbound on Park Avenue. At the time of the collision, it was estimated that Alston was driving thirty-five miles per hour. The force of the impact caused Ford's vehicle to spin 180 degrees and to careen into plaintiff. The plaintiff was violently knocked against the exterior wall of a building and suffered serious injuries.

In November 2013, plaintiff filed suit against Alston[1] and Ford, alleging that each was negligent and that, as a result of their negligence, plaintiff was severely injured. After two years elapsed and discovery had been initiated, Ford moved for summary judgment with respect to the claim against him. In that motion, Ford argued that there was "not one shred of evidence that he was negligent in the operation of his motor vehicle at the time of the accident. As such, there [was] no genuine issue of material fact." The gravamen of Ford's argument was that it was undisputed that he entered the intersection with a green light and that Alston proceeded through the intersection against a red light; thus, Alston was the sole tortfeasor. The plaintiff contended that Ford proceeded through the intersection when it was unsafe to do so. She argued that there

---

[1] We pause to note that Alston was uninsured at the time of the collision.

was conflicting testimony as to whether traffic had been backed up from Elmwood Avenue to Wellington Avenue, thereby creating a question as to whether Ford's automobile could safely enter the intersection.

In March 2016, the hearing justice granted Ford's motion for summary judgment, saying that plaintiff's argument was "unsupported by anything in the record." After the hearing justice granted Ford's motion from the bench, plaintiff's counsel continued to argue that summary judgment was inappropriate at that time, saying:

> "why wouldn't a deposition testimony of a witness or a party, it makes no difference who it is, who says that the individual proceeded through the intersection when it wasn't safe to do so, why wouldn't that be a question of fact. I'm not saying the jury might not agree with you down the road, but it's a question of fact."

Nevertheless, an order granting Ford's motion entered in April 2016, and final judgment entered in May 2016 pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The plaintiff timely appealed to this Court, asserting that the hearing justice erred when he concluded that there were no genuine issues of material fact in dispute.

**Standard of Review**

"We review a hearing justice's grant of summary judgment de novo." Tri-Town Construction Co. v. Commerce Park Associates 12, LLC, 139 A.3d 467, 474 (R.I. 2016) (citing Sullo v. Greenberg, 68 A.3d 404, 406 (R.I. 2013)). "Summary judgment is an extreme remedy and should be granted only when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law.'" Plunkett v. State, 869 A.2d 1185, 1187 (R.I. 2005) (quoting Wright v. Zielinski, 824 A.2d 494, 497 (R.I. 2003)). "Only when a review of the admissible evidence viewed in the light most

- 3 -

favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." National Refrigeration, Inc. v. Standen Contracting Co., 942 A.2d 968, 971 (R.I. 2008) (quoting Carlson v. Town of Smithfield, 723 A.2d 1129, 1131 (R.I. 1999)). The party opposing "a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." Id. (quoting Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1225 (R.I. 1996)).

**Analysis**

"In order to 'maintain a claim for negligence, a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage.'" Hall v. City of Newport, 138 A.3d 814, 819 (R.I. 2016) (quoting Wyso v. Full Moon Tide, LLC, 78 A.3d 747, 750 (R.I. 2013)). Of the four well-worn elements of negligence, only duty is a question of law. On the other hand, "the remaining three elements of a negligence claim * * * are fact-based and * * * the '[hearing] justice may treat the issue of negligence as a matter of law only if the facts suggest only one reasonable inference.'" Id. at 820 (quoting Berard v. HCP, Inc., 64 A.3d 1215, 1218 (R.I. 2013)). "Nonetheless, we have repeatedly cautioned that 'complaints sounding in negligence generally are not amenable to summary judgment and should be resolved by a fact finding at the trial court * * *.'" Rose v. Brusini, 149 A.3d 135, 141 (R.I. 2016) (quoting Hall, 138 A.3d at 820); see also DeMaio v. Ciccone, 59 A.3d 125, 131 (R.I. 2013) (holding that summary judgment was granted in error in a negligence action involving a motor-vehicle collision where the parties testified to different versions of the facts).

It is uncontested that Ford owed a duty of care to plaintiff.  We have long held that

> "[w]hen approaching an intersection, a motorist has the duty 'of observing the traffic and general situation at or in the vicinity of the intersection.  He [or she] must look in the careful and efficient manner in which a [person] of ordinary prudence in like circumstances would look in order to ascertain the existing conditions for his [or her] guidance.'"  Hefner v. Distel, 813 A.2d 66, 70 (R.I. 2003) (quoting Dembicer v. Pawtucket Cabinet & Builders Finish Co., 58 R.I. 451, 456, 193 A. 622, 625 (1937)).

By simply getting behind the wheel and driving his automobile, Ford burdened himself with a duty of care that he owed toward all other people in his "vicinity."

Moreover, the fact that he entered the intersection with a green light does not absolve him of his duty.  See G.L. 1956 § 31-15-12.1, as amended by P.L. 2002, ch. 292, § 110 (the statute at the time the collision occurred said, "[t]he driver of a motor vehicle shall not enter an intersection whether or not any traffic signal is green unless there is sufficient space in the roadway he is about to enter beyond the intersection to receive his vehicle without blocking the intersection"); Calise v. Curtin, 900 A.2d 1164, 1168 (R.I. 2006) ("a driver with a green light still has a duty to meet a certain standard of care").

With Ford's legal duty established, the dispositive question in this appeal is whether "the facts suggest only one reasonable inference," such that the hearing justice would have been able to treat the remaining three elements "as a matter of law."  Hall, 138 A.3d at 820 (quoting Berard, 64 A.3d at 1218).  Although many of the facts in this case are undisputed, plaintiff's account of the collision differs to some degree from those of Ford and other witnesses.  Specifically, plaintiff alleged that "the traffic on Park Avenue was backed up from Elmwood Avenue all the way back to * * * Park Avenue."  Accordingly, plaintiff's argument is that, green light or not, "Ford proceeded through said intersection when it was unsafe to do so," thereby breaching the duty that he owed to her and causing her injuries.

- 5 -

Ford testified that, although there were two or three vehicles in front of him, those vehicles "had already proceeded through" the intersection, and that he did not slow down as he entered the intersection. Two witnesses to the accident testified similarly to Ford. The first witness, who was driving eastbound on Park Avenue behind Ford at the time of the collision, said that there was no one in front of Ford when he approached the intersection. And the other, who was stopped at the red light on Wellington Avenue, heading southbound, testified that he did not see any automobiles in the intersection ahead of Ford's vehicle.

It is our opinion that in this case the facts suggest more than one reasonable inference. For the hearing justice to conclude that summary judgment was appropriate, he would have had to credit Ford's testimony and that of the two independent witnesses over the plaintiff's testimony. "However, summary judgment is not the moment for the court to make credibility assessments—a function that should be reserved for the fact-finder at trial." DeMaio, 59 A.3d at 131. If a jury were to credit the plaintiff's testimony rather than that of the other witnesses, it could reasonably conclude that Ford bore some responsibility for the collision. Because the facts must be viewed in the light most favorable to the nonmoving party—the plaintiff in this case—it is our opinion that summary judgment was inappropriately granted.

**Conclusion**

For the reasons set forth in this opinion, we vacate the Superior Court's judgment. We remand the record to that tribunal.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

| | |
|---|---|
| **Title of Case** | Eunique Williams v. Chicara Alston et al. |
| **Case Number** | SU-16-0155-Appeal.<br>(PC-2013-5676) |
| **Date Opinion Filed** | February 22, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ronald J. Resmini, Esq.<br><br>For Defendant:<br><br>Harry J. Hoopis, Esq.<br>Faith A. LaSalle, Esq. |