**Supreme Court**

No. 2016-36-Appeal.
(KC 10-827)

Stephen F. Limoges et al.          :

          v.                       :

Nalco Company et al.               :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Stephen F. Limoges et al.          :

v.                    :

Nalco Company et al.             :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  This case arose out of a chemical leak that, according

to Stephen F. Limoges, one of the plaintiffs, caused him to suffer respiratory injuries.  The

plaintiffs brought suit against three defendants and now appeal the Superior Court's grant of

summary judgment in favor of one of the defendants, Arden Engineering Constructors, LLC.

Before this Court, the plaintiffs argue that the hearing justice erred because he made an improper

credibility assessment about the affidavit of their expert and because he overlooked material

issues of fact that were in dispute.  The matter came before this Court for oral argument on

February 23, 2017, pursuant to an order directing the parties to appear and show cause why this

appeal should not summarily be decided.  After considering the parties' oral and written

arguments and after thoroughly reviewing the record, it is our opinion that cause has not been

shown and that this case should be decided at this time without further briefing or argument.  For

the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

**Facts and Travel**

The plaintiff[1] was employed by the State of Rhode Island as an Assistant Administrator to Facilities and Operations. His duties included overseeing the heating, ventilation, and air conditioning (HVAC) systems in the state's courthouses. According to plaintiffs' complaint,[2] on August 8, 2008, a pipe that carried bromine into the HVAC system at the Garrahy Judicial Complex in Providence ruptured, causing a chemical spill. When the pipe burst, plaintiff rushed to the scene to stop the leak. The plaintiff asserts that, while he was engaged in that effort, he inhaled bromine, which, in turn, caused him to suffer significant pulmonary injuries.

The plaintiffs brought suit against three different entities, Nalco Company, Arden Engineering Constructors, LLC, and JMB Mechanical, Inc., alleging that they were individually and collectively responsible for plaintiff's injuries because each defendant was negligent, each was strictly liable, and each had committed a breach of warranty. After discovery had been initiated, JMB moved for, and was granted, summary judgment on all three counts against it.[3] Subsequently, Arden also moved for summary judgment on all the counts that had been lodged against it. After an initial hearing in January 2015, an order entered granting Arden's motion for summary judgment as to the strict liability and breach-of-warranty counts.[4] At that time, plaintiffs were not prepared to argue against the summary-judgment motion on the negligence count because they had not, as of that time, secured an expert to provide testimony or an affidavit that would assist in establishing a prima facie negligence case. The hearing justice graciously

---

[1] When we refer to plaintiff in the singular, we are referring to Mr. Limoges, whose injury is at the center of this case. Ms. Limoges' sole claim is for loss of consortium.

[2] The materials submitted by the parties on appeal and at summary judgment include only excerpts from depositions, interrogatories, and other materials. The record does not contain complete copies of relevant discovery documents.

[3] No appeal was taken from this grant of summary judgment.

[4] The plaintiffs did not oppose Arden's motions for summary judgment as to the strict liability and breach of warranty, nor did they appeal the grant of summary judgment on those two counts.

decided "to treat [plaintiffs'] argument as a request under [Rule] 56(f) [of the Superior Court Rules of Civil Procedure] for some [more] time," and he allowed plaintiffs an additional two weeks to prepare their opposition to summary judgment.

In the early afternoon of the day that the second hearing was scheduled to be held, plaintiffs filed a supplemental memorandum and an expert's affidavit that set forth the standard of care required of Arden and its breach thereof. The hearing, which had been scheduled for that morning, was delayed a day by the court, apparently because of weather. The affidavit said, in relevant part:

> "3.     It is more likely than not that Arden Engineering Constructors, LLC ('Arden') is responsible for causing the bromine chemical solution leak in the mechanical room located on the 6th floor of the Garrahy Judicial Complex on or about August 8, 2008, as follows:
>
> "(a)     Arden, by and through its agents, employees, and assigns, had a duty to carefully and professionally remove, replace, and/or re-align the piping connecting the chemical feed system to the chillers when it replaced the chillers in 2006; and
>
> "(b)     Arden, by and through its agents, employees, and assigns, had a duty to carefully and professionally inspect the piping connecting the chemical feed system to the chillers when it replaced the chillers in 2006; and
>
> "(c)     Arden either caused the crack in the piping when it replaced the chillers in 2006, at which time it removed, replaced, and/or re-aligned the piping connecting the chemical feed system to the chillers; or
>
> "(d)     Arden failed to inspect and discover a crack in the piping connecting the chemical feed system to the chillers when removed, replaced, and/or re-aligned the piping connecting the chemical feed system to the chillers in 2006.
>
> "4.     But for Arden's negligence as aforesaid, it is more likely than not that [plaintiff] would not have been injured by the bromine chemical solution leak when he went into the mechanical

room located on the 6th floor of the Garrahy Judicial Complex on or about August 8, 2008."

The next day, the hearing justice continued the matter for an additional two weeks to allow Arden the time that it needed to respond to plaintiffs' expert's affidavit.

Finally, after each party had submitted its memoranda and supporting documentation regarding Arden's motion, the hearing justice considered Arden's motion for summary judgment. At that hearing, Arden argued that plaintiffs' expert's "affidavit is false. It's not supported by any facts. The expert himself doesn't even state what he's basing his opinions on. [The expert] comes to just conclusions." Arden asserted that it should be granted summary judgment because, in its view, plaintiffs had "completely failed to identify one fact which would make Arden responsible, let alone owe a duty to [plaintiff]."

The plaintiffs, on the other hand, contended that their expert's affidavit was sufficient to establish duty and breach, particularly at the summary-judgment phase of the proceedings. When the hearing justice asked plaintiffs, "who says that the pipe was cracked when the work was done in 2006[,]" plaintiffs' counsel responded, "Plaintiff[s]'s expert, a professional engineer." However, when pressed by the hearing justice, plaintiffs' counsel conceded that "there's no paper record here that [shows that the pipe] was cracked in 2006." With the hearing justice seemingly not satisfied by the expert's affidavit, the following colloquy occurred:

> "THE COURT: So the fact that it was cracked two years later when your person, your Plaintiff, had this unfortunate experience, you're saying that that means it must have been cracked when the chiller was replaced in November of 2006?
> "[PLAINTIFFS' COUNSEL]: That it was either cracked at that time or that it should have been inspected and discovered at that time, and that's not me. That's an engineer saying that.
> "THE COURT: Oh. So if the engineer says the moon is made out of cheese, I should believe it?"

- 4 -

Apparently not believing the expert's affidavit, the hearing justice granted Arden's motion from the bench. Four days later, orders entered granting Arden's motions for summary judgment and final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The plaintiffs timely appealed to this Court.

## Standard of Review

"We review a hearing justice's grant of summary judgment <u>de novo</u>." <u>Tri-Town Construction Co. v. Commerce Park Associates 12, LLC</u>, 139 A.3d 467, 474 (R.I. 2016) (citing <u>Sullo v. Greenberg</u>, 68 A.3d 404, 406 (R.I. 2013)). "Summary judgment is an extreme remedy and should be granted only when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law.'" <u>Plunkett v. State</u>, 869 A.2d 1185, 1187 (R.I. 2005) (quoting <u>Wright v. Zielinski</u>, 824 A.2d 494, 497 (R.I. 2003)). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." <u>National Refrigeration, Inc. v. Standen Contracting Co.</u>, 942 A.2d 968, 971 (R.I. 2008) (quoting <u>Carlson v. Town of Smithfield</u>, 723 A.2d 1129, 1131 (R.I. 1999)). The party opposing "a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." <u>Id.</u> (quoting <u>Accent Store Design, Inc. v. Marathon House, Inc.</u>, 674 A.2d 1223, 1225 (R.I. 1996)).

**Analysis**

"In order to 'maintain a claim for negligence, a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage.'" Hall v. City of Newport, 138 A.3d 814, 819 (R.I. 2016) (quoting Wyso v. Full Moon Tide, LLC, 78 A.3d 747, 750 (R.I. 2013)). "Of the four well-worn elements of negligence, only duty is a question of law." Williams v. Alston, No. 2016-155-APPEAL, 2017 WL 716431, at *2 (R.I. Feb. 22, 2017). Meanwhile, "the remaining three elements of a negligence claim * * * are fact-based and * * * the '[hearing] justice may treat the issue of negligence as a matter of law only if the facts suggest only one reasonable inference.'" Hall, 138 A.3d at 820 (quoting Berard v. HCP, Inc., 64 A.3d 1215, 1218 (R.I. 2013)). "Nonetheless, we have repeatedly cautioned that 'complaints sounding in negligence generally are not amenable to summary judgment and should be resolved by a fact finding at the trial court * * *.'" Rose v. Brusini, 149 A.3d 135, 141 (R.I. 2016) (quoting Hall, 138 A.3d at 820).

It is uncontested that Arden replaced chiller units that were part of the HVAC system at Garrahy in 2006. According to plaintiffs, genuine issues of material fact remain in dispute as to what standard of care was required of Arden when it replaced those chillers and whether it did so carefully and within that standard of care. On appeal, the thrust of plaintiffs' argument is that the hearing justice "made an improper credibility assessment" of their expert when he discredited the expert's affidavit as far-fetched. The plaintiffs contend that, if the hearing justice had drawn all reasonable inferences in favor of the nonmoving party and had refrained from making credibility findings—as a hearing justice is precluded from doing at summary judgment—he would have denied Arden's motion for summary judgment because plaintiffs' expert's affidavit was

sufficient, at summary judgment, to establish the standard of care required of Arden and its breach thereof.

Arden argues that plaintiffs' expert's affidavit was "insufficient because it is unsupported by the record, wholly conclusory, and does not set forth any specific facts as the basis for [its] opinion that Arden was somehow negligent." Arden dismisses the adequacy of the expert's affidavit; thus, it argues that there is no evidence in the record "that shows Arden was responsible for or performed any work on the chemical feed system where the leak occurred, let alone cracked the associated PVC pipe in question."

It is our opinion that plaintiffs' expert's affidavit, combined with the other documents that were available to the hearing justice at the time he granted Arden's motion, raises a material question of fact as to whether Arden is responsible for plaintiff's injury. Although it is true that Arden denies that it installed the faulty pipe, plaintiff swore in an interrogatory answer that Arden did, in fact, install the pipe in question. Moreover, even if Arden did not install the pipe that ruptured, plaintiff testified during a deposition that, after the leak had occurred, one of Arden's employees told him that the pipe that burst was the wrong kind of pipe.[5]

Very recently, we addressed a similar issue in which we also vacated the Superior Court's grant of summary judgment in a negligence action. See Williams v. Alston, 2017 WL 716431 (R.I. Feb. 22, 2017). We reiterate here that "summary judgment is not the moment for the court to make credibility assessments—a function that should be reserved for the fact-finder at trial." DeMaio v. Ciccone, 59 A.3d 125, 131 (R.I. 2013) (citing Doe v. Gelineau, 732 A.2d 43, 48 (R.I. 1999)). Moreover, "the function of the trial justice in ruling on a motion for

---

[5] The sworn interrogatory answers were attached as "Exhibit C" to Arden's memorandum in support of its motion for summary judgment, and the deposition testimony was attached as "Exhibit D" to plaintiffs' memorandum objecting to summary judgment.

summary judgment is issue finding, not issue determination." <u>Goodkin v. DeMaio</u>, 664 A.2d 1119, 1120 (R.I. 1995) (mem.) (citing <u>Hodge v. Osteopathic General Hospital of Rhode Island</u>, 107 R.I. 135, 265 A.2d 733 (1970)).

Because we draw all inferences in favor of the plaintiffs at this stage, we must assume, for the purpose of summary judgment only, that even if Arden never touched the pipe that burst when it replaced the chillers, Arden should have noticed that the chemical feed pipe was the wrong type of pipe and should have, at the very least, warned the plaintiff or whoever was in charge of overseeing the HVAC system at the courthouse in 2006. Of course, the plaintiffs will be left to their proof at trial. At that time, the plaintiffs' expert will be subject to cross-examination, which is the appropriate time and place for Arden to point out whatever deficiencies it perceives there to be in the expert's opinions. At trial, it will be up to a factfinder to determine the credibility of the plaintiffs' expert.

## Conclusion

For the reasons set forth in this opinion, we vacate the Superior Court's judgment. We remand the record to that tribunal.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Stephen F. Limoges et al. v. Nalco Company et al. |
| **Case Number** | No. 2016-36-Appeal.<br>(KC 10-827) |
| **Date Opinion Filed** | April 4, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Shad Miller, Esq.<br>Amato A. DeLuca, Esq. |
| | For Defendants:<br><br>Timothy M. Zabbo, Esq.<br>Timothy M. Bliss, Esq. |